# Exhibit D

## Case No. 1:15-cv-1974-WJM-KLM

Case No. 1:15-cv-01974-WJM-KLM     Document 22-4     filed 10/02/15     USDC Colorado
pg 1 of 6

| DISTRICT COURT, DENVER COUNTY, COLORADO | |
|---|---|
| Court Address:<br>1437 Bannock Street, Rm 256, Denver, CO, 80202 | DATE FILED: September 10, 2015 2:27 PM<br>CASE NUMBER: 2015CV31933 |
| **Plaintiff(s)** DAVID MUELLER<br>v.<br>**Defendant(s)** TAYLOR SWIFT et al. | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2015CV31933 |
| | Division: 203     Courtroom: |
| **Order: MOTION FOR PERMISSION FOR SUBSTITUTE SERVICE PURSUANT TO C.R.C.P. 4(F) with attach** | |

The motion/proposed order attached hereto: DENIED IN PART.

THIS MATTER comes before the Court on the Plaintiff's Motion for Permission for Substitute Service Pursuant to C.R.C.P. 4(f).

Though the Court is inclined to grant the motion given the affidavit accompanying the motion, more information is needed to determine whether Mr. Baldridge is an appropriate person for substituted service.  The Plaintiff is hereby directed to supplement the motion with further evidence and information corroborating Mr. Baldridge's representation of Ms. Swift and the nature of the representation.  The supplement shall be filed within seven (7) days.

Issue Date:  9/10/2015

JOHN WILLIAM MADDEN IV
District Court Judge

Page 1 of 1

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202 | |
| **DAVID MUELLER**<br><br>**Plaintiff**<br><br>**v.**<br><br>**TAYLOR SWIFT; FRANK BELL; SCOTT BORCHETTA; ANDREA SWIFT a/k/a ANDREA FINLAY; SCOTT SWIFT; and JOHN DOES 1-5**<br><br>**Defendants** | ▲   **COURT USE ONLY**<br><br>Case No.:  2015CV031933<br><br>Division:  203 |
| Attorneys for Plaintiff:<br><br>M. Gabriel McFarland, No. 26167<br>**EVANS & MCFARLAND, LLC**<br>910 13th St., Suite 200<br>Golden, Colorado 80401<br>tel 303.279.8300<br>fax 303.277.1620<br>email: gmcfarland@emlawyers.com | |
| **MOTION FOR PERMISSION FOR SUBSTITUTE SERVICE PURSUANT TO C.R.C.P. 4(F)** | |

Plaintiff David Mueller, through counsel, M. Gabriel McFarland of Evans & McFarland, LLC, respectfully submits this Motion for Permission for Substitute Service Pursuant to C.R.C.P. 4(f).  As grounds therefor, Plaintiff states as follows:

1.      Pursuant to C.R.C.P. 4(f):

In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service.  The motion shall state (1) the efforts made to obtain personal service and the reasons that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom

service is to be effected.  If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:

(1)  authorize delivery to be made to the person deemed appropriate for service; and

(2)  order process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.  Service shall be complete on the date of delivery to the person deemed appropriate for service.

2.      Here, Defendants Borchetta, Bell, and Scott Swift were all recently served with process.  Plaintiff has filed the return of service for Mr. Borchetta and will file returns of service for Mr. Bell and Mr. Swift not later than September 11, 2015.

3.      Plaintiff has not been able, however, to serve Defendant Taylor Swift by normal means.  There are several issues:

- The location of Taylor Swift's "usual place of abode," or whether she has a "usual place of abode," is unclear.  *See* Exhibit 1, "Where does Taylor Swift Live" article from www.taylorswiftplanet.com.

- Even if Taylor Swift's "usual place of abode" could be determined with certainty, she travels extensively.  *See* Exhibit 2, which shows at least some of Taylor Swift's appearances over the past year or so.

- Even if Taylor Swift's "usual place of abode" could be determined with certainly, gates and other security make it virtually impossible to approach the home or personally deliver papers.

- Taylor Swift does not have a "usual work place."

- Understandable security measures severely limit the ability to serve papers on Swift at concerts and other events.

4.      In May 2015, Plaintiff retained the services of Junes Legal Service, Inc., 630 S. 10th St., #B, Las Vegas, NV 89101, with the intention of serving process on Taylor Swift at Taylor Swift's May 15, 2015 concert in Las Vegas, or at one of the after parties she purportedly

2

planned to attend.  Although June's Legal Service was able to secure tickets to the concert, it could not get VIP tickets, backstage passes, or other direct access to Taylor Swift.

5.        More recently, on September 5 and 6, 2015, Taylor Swift performed at the Pepsi Center in Denver.  In advance of those performances, Plaintiff contacted Metro Intelligence Agency ("Metro") in Denver with the intention of serving process on Taylor Swift while in Denver.  Metro was able to purchase tickets close to the stage for $2200, but could not get VIP tickets, backstage passes, or other direct access to Taylor Swift.

6.        Metro also contacted the Denver County Sheriff's department to inquire whether they could serve process on Taylor Swift while she was in town.  They advised they had no more authority to demand access to Taylor Swift than Metro did, and that they otherwise could not be of assistance.

7.        An affidavit regarding service from Metro is attached as Exhibit 3. [1]

8.        Although further efforts to serve Taylor Swift would be futile, Plaintiff has had contact with a representative of Taylor Swift, namely from her attorney, Douglas Baldridge, Esq., Venable LLP, 575 7th Street, NW, Washington, DC 20004; telephone 202.344.4703; fax 202.344.8300; e-mail JBaldridge@Venable.com.  An e-mail regarding the same is attached as Exhibit 4.

9.        Plaintiff already provided Mr. Baldridge with a copy of Plaintiff's Amended Complaint and Jury Demand, as a professional courtesy, and asked him to accept service of the same.  Mr. Baldridge advised that he was not authorized to acceptable service of process and that he otherwise would not accept service.  Should the Court grant this Motion, Plaintiff will immediately mail and e-mail a copy of the Amended Complaint and Jury Demand, with a Summons, to Mr. Baldridge.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion for Permission for Substitute Service Pursuant to C.R.C.P. 4(f).  For the Court's convenience, an order approving the requested relief is attached hereto.

---

[1] Many of the issues above apply to serving Taylor Swift's mother, Andrea Swift.  Metro, however, believes it has a good home address for Ms. Swift and will diligently attempt to serve her at that address between now and September 11, 2015.  Plaintiff will advise the Court as to the status of service on Andrea Swift not later than September 14, 2015.

DATED this 8th day of September, 2015

**EVANS & MCFARLAND, LLC**

*The original signature is on file at Evans & McFarland, LLC*

By:  /s/ M. Gabriel McFarland
        M. Gabriel McFarland

ATTORNEYS FOR PLAINTIFF

Attachment to Order - 2015CV31933

4