# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01974-WJM

DAVID MUELLER

    Plaintiff

v.

TAYLOR SWIFT;
FRANK BELL;
ANDREA SWIFT a/k/a ANDREA FINLAY;
SCOTT SWIFT; and
JOHN DOES 1 - 5

    Defendants

_____

## PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S COUNTERCLAIM
_____

Plaintiff David Mueller, through his counsel, M. Gabriel McFarland of Evans & McFarland, LLC, respectfully submits this Motion to Strike Portions of Defendant's Counterclaim. As grounds therefor, Plaintiff states as follows:

### CERTIFICATION

The undersigned counsel for Plaintiff certifies that he conferred via e-mail and telephone with Courtney A. Sullivan, counsel for Frank Bell and the Swift Defendants, regarding the relief requested in this motion to strike. Ms. Sullivan has indicated that Defendants do not oppose removing references to punitive or exemplary damages, but oppose removing the portion of the counterclaim that references the counterclaim serving as an example to other women and donating any recover to charity.

**MOTION TO STRIKE**

1.  Frank Bell and the Swift Defendants filed their Answer, Affirmative Defenses, and Counterclaims on October 28, 2015.

2.  The issues in this motion are: (1) whether the Court should strike the references to punitive and exemplary damages contained in the counterclaim's prayer for relief; and (2) whether the Court should strike the portion of the counterclaim that references the counterclaim setting an example to other women and donating any recover to charity.

**(1) The Court should strike the references to punitive and exemplary damages Defendant included in her counterclaim, as the references violate C.R.S. § 13-21-102(1.5)(a)**

3.  This case was originally filed in the District Court for the City and Country of Denver, Colorado. On September 10, 2015, the case was removed on diversity of citizenship grounds. Thus, Colorado substantive law applies.

4.  In Colorado, a plaintiff (or counterclaimant) may not include a prayer for punitive or exemplary damages in the initial complaint. C.R.S. § 13-21-102(1.5)(a).

5.  Thus, the references to "punitive damages" and "exemplary damages" should be stricken as follows from Defendant's prayer for relief:

> WHEREFORE, Counterclaimant Taylor Swift requests that this Court enter judgment against Plaintiff/Counterclaim Defendant David Mueller as follows:
>
> (i) Compensatory and actual damages in an amount to be proven at trial;
>
> (ii) ~~Punitive damages;~~

2

        (iii)    Costs and fees associated with this matter ~~and exemplary damages~~;

        (iv)    Such additional and further relief as is deemed just and appropriate.

6.    Defendant should be required to file an amended counterclaim without the impermissible references to punitive and exemplary damages.

**(2)    The Court should strike the portion of the counterclaim that references the counterclaim setting an example to other women and donating any recover to charity, as those references are immaterial and impertinent pursuant to Fed. R. Civ. P. 12(f)**

7.    A Court may strike from any pleading ". . . immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are viewed with disfavor. *E.g., Webster v. Nations Recovery Center, Inc.*, 2009 WL 2982649, *1 (D. Colo. Sept. 15, 2009). But, when allegations in a claim, or counterclaim, are entirely collateral and immaterial to the underlying claims, they should be stricken. *E.g., Namoko v. Milgard Mft., Inc.*, 2007 WL 1063563, *3 (D. Colo. April 6, 2007). Such is the case here.

8.    Paragraph 1 of Defendant's counterclaim states:

This Counterclaim seeks to recover damages from Plaintiff/Counterclaim Defendant, David "Jackson" Mueller, arising from the undisputed fact that a sexual assault was committed against Defendant/Counterclaimant, Taylor Swift, at the time, a twenty-three year old girl. Indeed, Mueller admits – in fact pleads in his Amended Complaint – that Ms. Swift was assaulted, but conveniently contends that his superior at Denver radio station KYGO, Eddie Haskell, committed the assault. Mueller's newfound claim that he is the "wrong guy" and, therefore, his termination from KYGO was unjustified, is specious. Ms. Swift knows exactly who

3

committed the assault – it was Mueller – and she is not confused in the slightest about whether her long-term business acquaintance, Mr. Haskell, was the culprit.  Resolution of this Counterclaim will demonstrate that Mueller alone was the perpetrator of the humiliating and wrongful conduct targeted against Ms. Swift, *and will serve as an example to other women who may resist publicly reliving similar outrageous and humiliating acts.  For this reason, any recovery obtained by Ms. Swift will be donated to charitable organizations dedicated to protecting women from similar acts of sexual assault and personal disregard.*

(Emphasis added.)

9.  Whether or not Ms. Swift's counterclaim will serve as an example to other women and whether or not Ms. Swift will donate any recovery to charity are entirely collateral, impertinent, and immaterial to her claims for assault and battery.  An allegation is immaterial if it has no essential or important relationship to the claim for relief.  *C.M. v. Jan Burns, et al.*, 2014 WL 1056414, *4 (D. Colo. Mar. 19, 2014).  An allegation is impertinent if it consists of statements that do not pertain, and are not necessary to the issue in question.  Certainly, no evidence in support of these allegations would be admissible at trial.  The allegations are nothing more than a public relations maneuver, asserted to sensationalize Defendant's counterclaim, garner favorable media attention, and, ultimately, taint potential jurors.

10.  Thus, Defendant should be required to file an amended counterclaim without the impermissible portion of the counterclaim that references the counterclaim setting an example to other women and donating any recover to charity.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion to Strike consistent with the above. For the Court's convenience, a proposed form of order is submitted with this Motion.

Dated this 23rd day of November, 2015.

                Respectfully submitted,

                EVANS & MCFARLAND, LLC

                By: s/ M. Gabriel McFarland
                    M. Gabriel McFarland
                    Evans & McFarland, LLC
                    910 13th St., #200
                    Golden, CO 80401
                    Telephone: 303.279.8300
                    Facsimile: 303.277.1620
                    Email: gmcfarland@emlawyers.com

                ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2015, **PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S COUNTERCLAIM** was filed with the Clerk of Court using the CM/ECF system and the same served via e-mail upon at least the following:

J. Douglas Baldridge (jbaldridge@venable.com)
Courtney A. Sullivan (casullivan@venable.com)
Katherine M. Wright (kmwright@venable.com)

John R. Jacobson (jjacobson@rwjplc.com)
Jenna L. Harris (jharris@rwjplc.com)

<u>s/Gina Bowermaster</u>
Gina Bowermaster

00057536.DOC1