# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01974-WJM

DAVID MUELLER

    Plaintiff

v.

TAYLOR SWIFT;
FRANK BELL;
ANDREA SWIFT a/k/a ANDREA FINLAY;
SCOTT SWIFT; and
JOHN DOES 1 - 5

    Defendants

_____

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DEFENDANT'S COUNTERCLAIM
_____

    Plaintiff David Mueller, through his counsel, M. Gabriel McFarland of Evans & McFarland, LLC, respectfully submits this Reply in Support of Motion to Strike Portions of Defendant's Counterclaim.

    1.    Plaintiff asks this Court to strike from Defendant/Counterclaimant Swift's Counterclaim: (1) references to punitive and exemplary damages; and (2) the portion of the counterclaim that references the counterclaim setting an example to other women and donating any recovery to charity.

    2.    As to the former, Ms. Swift acknowledges that it is inappropriate to include a prayer for punitive or exemplary damages in the initial complaint. C.R.S. § 13-21-102(1.5)(a).

3. Thus, the references to "punitive damages" and "exemplary damages" should be stricken from Ms. Swift's prayer for relief and Ms. Swift should be required to file an amended counterclaim without the impermissible references to punitive and exemplary damages.

4. As to the latter, Ms. Swift contends that whether or not Ms. Swift's counterclaim will serve as an example to other women and whether or not she will donate any recovery to charity are ". . . Directly at Issue and Have Bearing on this Controversy."[1] Response at p. 5, heading "B." More specifically, Ms. Swift argues that whether or not this case will serve as an example to other women is important and pertains to the claims because Plaintiff alleged Ms. Swift served as a role model "in tandem with compelling her to file a Counterclaim publicly . . . ." Response at p. 7. She argues that the allegation regarding donating any recovery she may obtain to charity is important because it ". . . has bearing on this dispute." Response at p. 7.

5. Ms. Swift cannot legitimately contend that whether or not her counterclaim will serve as an example to other women and whether or not she will donate any recovery to charity are directly at issue. They do not relate to any element of any claim, counterclaim, or defense.

---

[1] About 2 pages from Ms. Swift's 14-page response are responsive to the motion to strike. The vast majority of the response is dedicated to unfairly criticizing Plaintiff for his attempts to resolve the parties' disputes before filing suit; harping on the standards applicable to motions to strike, even though Plaintiff has acknowledged that the bar is high and motions to strike are rarely granted; and discussing Ms. Swift's alleged version of events not relevant to the motion to strike. To that end, Plaintiff will not detail here all of the instances in which he disagrees with Ms. Swift's version of events. But, Plaintiff feels compelled to make clear that he does not in his Complaint, and has not thereafter, alleged that Ms. Swift was the victim of an assault and battery or that his former supervisor at KYGO was the perpetrator.

6. In fact, those allegations are *entirely* collateral and immaterial to the underlying claims, such that they should be stricken. *E.g., Namoko v. Milgard Mft., Inc.*, 2007 WL 1063563, *3 (D. Colo. April 6, 2007). An allegation is immaterial if it has no essential or important relationship to the claim for relief. *C.M. v. Jan Burns, et al.*, 2014 WL 1056414, *4 (D. Colo. Mar. 19, 2014). An allegation is impertinent if it consists of statements that do not pertain, and are not necessary to the issue in question. Not surprisingly, Ms. Swift fails to provide any examples of how those allegations could possibly pertain to the claims or issues in question.

7. Thus, Defendant should be required to file an amended pleading without the impermissible portion of the counterclaim that references the counterclaim setting an example to other women and donating any recovery to charity.

8. It is simply not appropriate to include in pleadings allegations about a complaint or counterclaim serving as an example for others, or allegations about what a party might do with any recovery, particularly where, as here, those allegations have no bearing on any claim or issue in the lawsuit. The only possible reason to include such allegations is to sensationalize Defendant's counterclaim, garner favorable media attention, and, ultimately, taint potential jurors, all of which prejudices Plaintiff.

9. If the Court allows Ms. Swift to include these types of statements in her Counterclaim, it should expect Plaintiff and parties generally to include similar statements in their pleadings – plaintiffs and defendants will routinely state that, if they win, they will give some or all of their recovery to charity.

WHEREFORE, Plaintiff respectfully requests that the Court grant his Motion to Strike.

Dated this 31st day of December, 2015.

                Respectfully submitted,

                EVANS & MCFARLAND, LLC

            By: s/ M. Gabriel McFarland
                M. Gabriel McFarland
                Evans & McFarland, LLC
                910 13th St., #200
                Golden, CO 80401
                Telephone: 303.279.8300
                Facsimile: 303.277.1620
                Email: gmcfarland@emlawyers.com

                ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2015, **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DEFENDANT'S COUNTERCLAIM** was filed with the Clerk of Court using the CM/ECF system and the same served via e-mail upon at least the following:

    J. Douglas Baldridge (jbaldridge@venable.com)
    Courtney A. Sullivan (casullivan@venable.com)
    Katherine M. Wright (kmwright@venable.com)

    John R. Jacobson (jjacobson@rwjplc.com)
    Jenna L. Harris (jharris@rwjplc.com)

                s/M. Gabriel McFarland
                M. Gabriel McFarland

00057536.DOC;1