## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01974-WJM-KLM

DAVID MUELLER

    Plaintiff

v.

TAYLOR SWIFT;
FRANK BELL;
ANDREA SWIFT a/k/a ANDREA FINLAY;
SCOTT SWIFT; and
JOHN DOES 1 - 5

    Defendants

_____

### PLAINTIFF'S RESPONSE TO MOTION TO DISMISS
_____

Plaintiff David Mueller, through his counsel, M. Gabriel McFarland of Evans & McFarland, LLC, respectfully submits Plaintiff's Response to Motion to Dismiss.

Defendants, in their motion to dismiss and the related brief, contend that all four of the claims asserted in Plaintiff's Second Amended Complaint and Jury Demand should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), however, are disfavored. Thus, all well pled factual allegations in a complaint are accepted as true and construed in the light most favorable to plaintiff. *E.g., Alvarado v. KOB–TV, LLC,* 493 F.3d 1210, 1215 (10th Cir.2007). Further, the court must make all reasonable inferences in plaintiff's favor. *Timpanogos Tribe v. Conway,* 286 F.3d 1195, 1204 (10th Cir.2002). Here, accepting the allegations in the complaint as true and construing them in the light most

favorable to Plaintiff, and making reasonable inference in favor of Plaintiff, Defendants' position lacks merit.

**A.     Plaintiff's Slander Per Se and Slander Per Quod claims are not time barred.**

On June 2, 2013, Plaintiff attended a backstage meet-and-greet with Taylor Swift at the Pepsi Center in Denver, Colorado. Later than same evening, Ms. Swift accused Mr. Mueller of inappropriately touching her, and in the days that followed, Ms. Swift and the other Defendants intentionally caused Lincoln Financial Media Company of Colorado to terminate its contract with Plaintiff.

Plaintiff filed his initial complaint in District Court for the City and County of Denver against Ms. Swift on May 29, 2015, almost two years later. Plaintiff's initial complaint included just two claims, tortious interference with contract and tortious interference with prospective business advantage. The statute of limitations in Colorado for both tortious interference claims is two years. C.R.S. § 13-80-102(1)(a).

Plaintiff filed an amended complaint in District Court for the City and County of Denver on June 1, 2015.[1] Generally, the amended complaint named additional Defendants and added related allegations against them. Again, it included just the two tortious interference claims.

On October 28, 2015, Defendants answered Plaintiff's amended complaint, and Ms. Swift asserted counterclaims for assault and battery. The statute of limitations in Colorado for both assault and battery claims is one year. C.R.S. § 13-80-103(1)(a).

Initially, Plaintiff thought Ms. Swift's counterclaims were barred by the one-year

---

[1] Plaintiff added the other Defendants, in part, to avoid the scenario where Ms. Swift denied knowledge of her parents', managers', and handlers' actions after the statute of limitations to bring claims against the other Defendants had run.

2

statute of limitations, as she failed to bring the claims until more than two years after she knew or should of known of her assault and battery claims.

Colorado, however, has a claim revival statute. *See* C.R.S. § 13-80-109. The claim revival statute allows a party to revive a stale claim in response to a complaint or counterclaim:

> Except for causes of action arising out of the transaction or occurrence which is the subject matter of the opposing party's claim, the limitation provisions of this article shall apply to the case of any debt, contract, obligation, injury, or liability alleged by a defending party as a counterclaim or setoff. A counterclaim or setoff arising out of the transaction or occurrence which is the subject matter of the opposing party's claim shall be commenced within one year after service of the complaint by the opposing party and not thereafter.

C.R.S. § 13-80-109.

Just as a plaintiff may be exposed to the assertion of a stale claim by initially filing a complaint, a defendant may be exposed to a stale claim by asserting a counterclaim in a responsive pleading. Thus, just as Plaintiff revived Ms. Swift's ability to bring stale assault and battery counterclaims, Ms. Swift revived Plaintiff's ability to bring stale defamation claims.

### B. Plaintiff has pled facts sufficient to state a claim for tortious interference claims.

The elements of a tortious interference with contract claim are: (1) the plaintiff had a contract; (2) defendant knew or reasonably should have known of the contract; (3) defendant by words or conduct, or both, intentionally the contracting party to terminate the contract; (4) defendant's interference with the contract was improper; and (5) the defendant's interference with the contract caused the plaintiff damages. CJI-Civ. 24:1. The elements of a tortious interference with prospective business relations claim

are nearly identical. *Zimmer Spine, Inc. v. EBI, LLC*, 2011 WL 4089535, at * 2 (D. Colo. Sept. 14, 2011). In an effort to avoid resolution on the merits, Defendants make several insupportable arguments.

First, Defendants complain about the second element: "Plaintiff does not make a single factual allegation regarding the most fundamental element of this claim, that any of the Swifts knew that Plaintiff had a contract with KYGO." Motion at 6. This position is odd, given that Plaintiff specifically pled Defendants knew or reasonably should have known of the contract [with Lincoln Financial]. Second Amended Complaint at ¶ 42. In addition, other allegations in the complaint (*see* ¶¶ 27-35) and basic common sense allow the Court to make reasonable inferences to satisfy this element. Really, Ms. Swift and the other Defendants did not understand that Mr. Mueller had an employment contract, even though they repeatedly telephoned the station to advise that "the Swifts 'were considering all their options' if KYGO did not 'handle' Mr. Mueller?" Second Amended Complaint at ¶ 35.

Second, Defendants argue that somehow Plaintiff's tortious interference claims fail because KYGO suspended Plaintiff before Ms. Swift and her agents began calling for Plaintiff's termination. Motion to Dismiss at 7. Plaintiff, however, does not seek damages related to the suspension; rather he seeks damages for the tortious interference with his employment contract, which resulted in the termination of the contract, and with his ability to secure gainful employment going forward.

Third, Defendants argue, "Plaintiff's Complaint fails alone on the grounds that he wholly fails to plead that either the Swifts or Mr. Bell improperly intended to cause KYGO to terminate him." Motion to Dismiss at 8. This position is also odd, given that Plaintiff

4

specifically pled, "Defendants, by words and conduct, intentionally caused Lincoln Financial Media Company of Colorado to terminate its contract with Mr. Mueller." (Second Amended Complaint at ¶43), and "Defendants' interference with Mr. Mueller's contract was improper." Second Amended Complaint at ¶ 44.

Fourth, Defendants argue that Plaintiff "utterly fails to plead intentional and improper interference by Mrs. and Mr. Swift." Motion to Dismiss at 9. Again, that's simply not true. *See* Second Amended Complaint at ¶¶ 43, 44, 49, and 50. Moreover, the allegations contained at ¶¶ 27-35, taken as true and viewed in a light most favorable to Plaintiff, support reasonable inferences that Mrs. and Mr. Swift took action to ensure the person who purported grabbed their daughter's bottom was fired and unable to work in radio going forward. According to Mr. Bell, Ms. Swift and her parents were increasingly upset and "looking for specific action."

Fifth, Defendants argue that Mr. Bell's phone calls are insufficient to support Plaintiff's allegation that Mr. Bell intended to interfere with Plaintiff's employment contract or that Mr. Bell's conduct was improper. Motion to Dismiss at 10. To the contrary, taking the allegations in the Second Amended Complaint in whole, and again in a light most favorable for Plaintiff, Plaintiff sufficiently alleges that Mr. Bell acted intentionally and improperly. Mr. Bell was obviously pressuring KYGO to terminate Mr. Mueller. Whether Plaintiff can ultimate prove that Mr. Bell acted intentionally and improperly is a different question, which cannot be answered at this stage.

Lastly, Defendants argue that Plaintiff was required to make more specific allegations as to Mr. Bell because Plaintiff alleges that Mr. Bell was at all relevant times acting within the scope of his employment. Motion to Dismiss at 10. As an

initial matter, Plaintiffs are allowed to plead in the alternative, which is what Plaintiff has done here. Either Mr. Bell made the calls described in the complaint at Ms. Swift's direction and/or as an agent for Ms. Swift, in which case Ms. Swift is vicariously liable for Mr. Bell's conduct, or he made those calls of his own accord out of an improper desire to ensure Plaintiff lost his job, in which case he will be liable for his conduct. In any event, the claims against Mr. Bell are sufficiently plausible. Plaintiff does not yet know whether or not Defendants will admit or deny that Mr. Bell was serving as Ms. Swift's agent.

**C.     Because Plaintiff has sufficiently pled tort claims, his respondeat superior claim does not fail.**

As explained above, because Plaintiff has sufficiently pled tort claims and the factual basis for vicarious liability, his respondeat superior claim does not fail.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss.

Dated this 5th day of April, 2016.

        Respectfully submitted,

        EVANS & MCFARLAND, LLC

      By: s/ M. Gabriel McFarland
        M. Gabriel McFarland
        Evans & McFarland, LLC
        910 13th St., #200
        Golden, CO 80401
        Telephone: 303.279.8300
        Facsimile: 303.277.1620
        Email: gmcfarland@emlawyers.com

        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 5, 2016, **PLAINTIFF'S RESPONSE TO MOTION TO DISMISS** was filed with the Clerk of Court using the CM/ECF system and the same served via e-mail upon at least the following:

      J. Douglas Baldridge (jbaldridge@venable.com)
      Courtney A. Sullivan (casullivan@venable.com)
      Katherine M. Wright (kmwright@venable.com)

                                                    s/M. Gabriel McFarland
                                                    M. Gabriel McFarland

00059498.DOC;1