IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01974-WJM-KLM

DAVID MUELLER,

    Plaintiff,

v.

TAYLOR SWIFT,
FRANK BELL,
ANDREA SWIFT, also known as Andrea Finlay,
SCOTT SWIFT, and
JOHN DOES 1-5,

    Defendants.

_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Strike Portions of Defendant's Counterclaim** [#41][1] (the "Motion"). Defendant Taylor Swift ("T. Swift") filed a Response in opposition to the Motion [#55], and Plaintiff filed a Reply [#60]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#41] is **DENIED as moot in part and DENIED in part**.[2]

---

[1] "[#41]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Tenth Circuit Court of Appeals has not explicitly stated whether a ruling on a motion to strike under Fed. R. Civ. P. 12(f) is dispositive. However, at least one district judge in the Eastern District of Michigan has persuasively held that whether a motion to strike under Rule 12(f) is dispositive depends on what the moving party is seeking to strike. *See Stevenson v. Ocwen Loan Servicing, LLC*, No. 14-cv-13115, 2015 WL 2083513, at *2 n.2 (E.D. Mich. May 5, 2015).

On October 28, 2015, Defendant T. Swift filed counterclaims for assault and battery against Plaintiff. [#36] at 13-14. In the Motion, Plaintiff seeks to strike references to punitive/exemplary damages in the counterclaims, as well as references to "setting an example to other women and donating any recovery to charity." [#41] at 2-3. Defendant T. Swift has already withdrawn her request for punitive damages, and therefore this portion of the Motion [#41] is **denied as moot**. *See Notice Pursuant to Colorado State § 31–21–102(1.5)(A)* [#42].

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993)); *see also RTC v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994) (stating that Rule 12(f)'s purpose "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial").

However, motions to strike are disfavored and will only be granted under the rarest of circumstances. *Sierra Club*, 173 F.R.D. at 285. As such, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08-cv-02053-LTB, 2008 WL

---

"Often, an order under Rule 12(f) may be dispositive of a party's claims or defenses and, thus, may warrant a full report and recommendation, which, if properly objected to, would be subject to de novo review." *Id.* (citing Fed. R. Civ. P. 72(b)). However, when the Rule 12(f) motion to strike is not dispositive of any party's claims or defenses, the Magistrate Judge retains authority to enter an order disposing of the motion. *See Stevenson*, 2015 WL 2083513, at *2 n.2. Here, as more fully explained below, Plaintiff does not seek to dispose of any claim or defense asserted by Defendant T. Swift, and therefore the Court concludes that it retains authority to enter an order disposing of the Motion [#41].

5381503, at *1 (D. Colo. Dec. 22, 2008). Further, "[e]ven where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club*, 173 F.R.D. at 285. Moreover, regardless of whether the moving party has met its burden to prove that allegations contained in a pleading violate Rule 12(f), discretion remains with the Court to grant or deny the motion. *See* Fed. R. Civ. P. 12(f) (denoting only that allegations which are subject to Rule 12(f) "may" be stricken).

The only remaining issue in the Motion [#41] is whether references to "setting an example to other women and donating any recovery to charity" should be stricken pursuant to Rule 12(f). Defendant T. Swift's argument that these references are material and pertinent to the counterclaims is, at best, tenuous. *See, e.g., Response* [#55] at 5-7. The Court need not reach this argument, though, because Plaintiff has made no showing of prejudice. *Sierra Club*, 173 F.R.D. at 285. Plaintiff argues that "[t]he only possible reason to include such allegations is to sensationalize Defendant's counterclaim, garner favorable media attention, and, ultimately, taint potential jurors, all of which prejudices Plaintiff." *Reply* [#60] at 3. However, this asserted prejudice is simply speculation on Plaintiff's part. The Counterclaim [#36] was filed on October 28, 2015. Plaintiff filed the Motion [#41] on November 23, 2015, and the Reply [#60] on December 31, 2015. However, despite the two months which elapsed between the filing of the counterclaims and the filing of Plaintiff's Reply, Plaintiff provided no evidence demonstrating that the targeted allegations have sensationalized the counterclaims or garnered media attention. Without more concrete evidence than Plaintiff's fear that the allegations may taint future potential jurors, the Court finds that Plaintiff has failed to meet his heavy burden of demonstrating that these

allegations in the Counterclaim should be stricken pursuant to Fed. R. Civ. P. 12(f).  *See Holzberlein*, 2008 WL 5381503, at *1.  Thus, this portion of the Motion [#41] is **denied**.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#41] is **DENIED as moot in part and DENIED in part**, as outlined above.

Dated: April 14, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge