**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

DAVID MUELLER )
)
                Plaintiff, )
)     Case No. 1:15-cv-01974-WJM-KLM
v. )
)
TAYLOR SWIFT; FRANK BELL )
ANDREA SWIFT a/k/a )
ANDREA FINLAY;  SCOTT SWIFT; )
and JOHN DOES 1-5 )
)
              Defendants. )
)

**PROTECTIVE ORDER**

1. PURPOSE AND LIMITATIONS

      The parties agree that disclosure and discovery activity in this action are likely to involve

production of confidential, proprietary, or private information for which special protection from

public disclosure and from use for any purpose other than prosecuting this litigation may be

warranted.   Accordingly,  the  parties  agree  to  be  bound  by  the  following  Protective  Order

("Order") in this action.

2. DEFINITIONS

      2.1    Disclosure or Discovery Material: all items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or

responses to discovery in this matter.

      2.2    Party: any party to this action and their agents and representatives, consultants,

retained experts, and Outside Counsel of Record (and their support staffs).

2.3     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.4     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "CONFIDENTIAL" Information or Items: Regardless of how the information is generated, stored or maintained: (a) all material designated "Confidential" hereunder and/or (b) sensitive information including sensitive personal information and sensitive business information kept confidential in the ordinary course of business, such as (i) nonpublic, private information, (ii) financial data, and (iii) business and marketing plans, public disclosure of which could result in harm to the Producing Party.  This section applies to all information that qualifies for protection under Federal Rule of Civil Procedure 26(c).

3. SCOPE

The protections conferred by this agreement cover not only Confidential material (as defined above), but also: (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material; and (3) any testimony,

2

conversations, or presentations by parties or their counsel that might reveal Confidential material. The parties may seek all appropriate relief from the Court to enforce protection of Confidential material.

4. DURATION

The confidentiality obligations imposed by this Order shall remain in effect in perpetuity, unless and until a Designating Party agrees otherwise in writing, or a court order otherwise directs, after the parties have had a full opportunity to be heard.

5. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

5.1    Basic Principles: A Receiving Party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.    Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2    Manner and Timing of Designations:  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)    For information in documentary form:  (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected

3

material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     For testimony given in deposition:  that the Designating Party identify on the record, before the close of the deposition, all "Confidential" testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately

4

designated for protection within the 21 days shall be covered by the provisions of this Order. Any and all video-taped depositions shall be handled accordingly pursuant to this order.

Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) For information produced in some form other than documentary and for any other tangible items: that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon

timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Disclosure of "CONFIDENTIAL Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Confidential material only to:

(a) The Receiving Party's agents, representatives, counsel of record in this action, as well as agents or employees of counsel who are assisting counsel with the litigation and to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) The court, court personnel, and court reporters and their staff, filed confidentially, under seal and pursuant to D.C.Colo.LCivR 7.2;

(d) The author or recipient of a document containing the information, an employee, officer, or director of the corporate party (including its affiliates, parents, and subsidiaries) that produced a document containing the information, or a custodian or other person who otherwise possessed or knew the information;

(e) Copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material.

5.5    Unauthorized Disclosure of Protected Material: If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 6. CHALLENGING OF CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges: Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer: The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring,

the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   Judicial Intervention: If the Parties cannot resolve a challenge without Court intervention, either the Challenging Party or the Designating Party shall contact Magistrate Judge Mix's Chambers to schedule a discovery hearing pursuant to Step 2.C of Judge Mix's Discovery Dispute Procedures within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.   Should Judge Mix order briefing on the issue, such motion must be accompanied by a certification affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph, FRCP 26(c), and D.C.Colo.LCivR 7.1. Failure by the Designating Party or Challenging Party to institute the process required by Judge Mix's Discovery Procedures within 21 days (or 14 days, if applicable), shall automatically waive the confidentiality designation or challenge for each challenged designation.

The burden of persuasion in any challenge to the designation of "Confidential" information shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to embarrass, annoy, harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party

has waived the confidentiality designation by failing to follow Judge Mix's Discovery Procedures as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.4     Right to Further Relief:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future, or to seek further and more specific relief in response to particular discovery requests, use of confidential information at trial, or other issues in this case.

6.5     Right to Other Objections:  No Party waives any right it otherwise would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

7. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or

9

capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 above.

8. GOOD CAUSE STATEMENT

In accordance with Fed. R. Civ. Proc. Rule 26(c), good cause exists for entry of this Order. The Parties have and may further seek from one another, third parties, and their respective agents and affiliates confidential business and financial information in connection with their respective claims and defenses in this matter, which the Parties maintain cannot be made accessible to the public without harming their businesses. The Parties also anticipate that they may seek confidential and sensitive information from each other and third parties. The Order will facilitate the efficient exchange of sensitive information, documents and things without improperly undermining public access to non-confidential information.

**SO ORDERED.**

Dated this 14th day of April, 2016.

BY THE COURT:

_____
Hon. William J. Martinez / Hon. Kristen L. Mix

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

10

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name] of

_____ [print or type full address],

swears or affirms and states under penalty of perjury that:

1.      I have read in its entirety and understand the Protective Order that was issued by

the United States District Court for the District of Colorado on _____ [date] in the case of

*Mueller v. Swift et al.*, Case No. 1:15-cv-01974-WJM-KLM.

2.      I agree to comply with and be bound by all the terms of the Protective Order, and

I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.

3.      I promise that I have not and will not disclose or divulge any Confidential

information or items shown or told to me, to any person or recording device, except as

authorized in, and in strict compliance with, the Protective Order.  I will not use the Confidential

information for any purpose other than for this litigation.

4.      I further agree to submit to the jurisdiction of the United States District Court for

the District of Colorado for the purpose of enforcing the terms of this Protective Order, even if

such enforcement proceedings occur after termination of this action.

5.      I further agree to abide by the terms of the Protective Order.

Printed name: _____

Signature: _____

Date: _____

Address & Telephone Number: _____

12