**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:15-cv-01974-WJM-KLM

DAVID MUELLER

            Plaintiff,

v.

TAYLOR SWIFT; FRANK BELL;
ANDREA SWIFT a/k/a ANDREA FINLAY;
SCOTT SWIFT; and JOHN DOES 1-5

            Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Frank Bell, Scott Swift, Andrea Swift, and Taylor Swift (collectively, "Defendants"), respectfully submit their Reply in Support of their Motion to Dismiss Plaintiff's Second Amended Complaint. Plaintiff's Opposition is unavailing for three reasons: (1) Colorado's revival statute fails to save Plaintiff's time-barred slander claims, for which he offers not a *single* new factual allegation and which arise out of the *identical* facts asserted in his original and First Amended Complaint; (2) Plaintiff has not pled specific facts sufficient to support the naked legal allegations on which his claims for tortious interference with contractual relations and prospective business relations are improperly based, and cannot rescue that failure by adding new allegations in his Opposition; and (3) Plaintiff's *respondeat superior* claim, which is premised solely as a matter of law on his underlying tort claims, fails along with those claims.

### 1. Colorado's Revival Statute Does Not Rescue Plaintiff's Time-Barred Claims for Slander *Per Se* and Slander *Per Quod*.

Plaintiff concedes that his slander claims, asserted for the first time in his Second Amended Complaint, are time barred by Colorado's applicable one-year statute of limitations. C.R.S. § 13-80-103(1)(a); (*see* ECF No. 76 at 3). The events giving rise to this action occurred nearly three years ago, in June of 2013. They took place beginning with Ms. Swift's June 2, 2013 concert at the Pepsi Center in Denver, Colorado and ending two days later with KYGO's termination of Plaintiff on June 4, 2013. In his original Complaint (filed May 29, 2015) and First Amended Complaint (filed June 1, 2015), Plaintiff alleged three tort claims: (1) tortious interference with contract; (2) tortious interference with prospective business relations; and (3) *respondeat superior,* wholly derivative of and dependent on the two tortious interference claims.[1] (*See* ECF No. 2 at 6-7). Ms. Swift filed an answer to Plaintiff's First Amended Complaint, and asserted two compulsory counterclaims for assault and battery. (ECF No. 36). Her counterclaims arose out of the same factual allegations set forth in Plaintiff's First Amended Complaint and thus were timely under Colorado's revival statute. *See* C.R.S. § 13-80-109. Plaintiff has expressly acknowledged this in his Opposition.[2] (*See* ECF No. 76 at 2-3).

As stated in Defendants' Memorandum in support of their Motion to Dismiss, although Plaintiff has filed three Complaints in this action, before instituting this case, Plaintiff also sent

---

[1] The First Amended Complaint added Ms. Swift's parents and Frank Bell as defendants, and the *respondeat superior* claim. It added no new factual allegations. (*See* generally ECF No. 2).

[2] Surprisingly, although he unsuccessfully attempts to rely upon the revival statute here, Plaintiff states that "[i]nitially, Plaintiff thought that Ms. Swift's counterclaims were barred by the one-year statute of limitations, as she failed to bring the claims until more than two years after she knew or should have known of her assault and battery claims." (ECF No. 76 at 2-3). At some unidentified point in time, Plaintiff's counsel apparently then realized that the revival statute existed, and that it rendered Ms. Swift's compulsory counterclaims timely. (*Id.* at 3).

Ms. Swift *two separate* draft complaints, in July 2014 and February 2015, seeking to extract a cash payment from her. (*See* ECF No. 75-1 at 3). Both drafts named Ms. Swift alone as a defendant. The first, sent in July 2014, alleged two claims—slander *per se* and slander *pro quod.* Apparently recognizing that the statute of limitations on those two claims had expired a month earlier, in June 2014, Plaintiff's second, February 2015 draft threatened claims of tortious interference with contract and tortious interference with contractual relations—the claims that he actually asserted in commencing this action.

Without alleging a single new fact, Plaintiff inexplicably re-asserts the unquestionably time-barred slander claims in his Second Amended Complaint (filed nearly two years out-of-time), untenably arguing that *his late claims* are saved by the revival statute. (*See* ECF No. 76 at 3). Plaintiff's argument is contrary to well-settled Colorado law, and he cites no authority -- not a single case -- to support it. According to Plaintiff's Second Amended Complaint, his injuries for both his previously asserted tort and his newly asserted slander claims resulted from the same events—when he attended Ms. Swift's June 2, 2013 concert and was fired on June 4, 2013. As a result, he cannot attempt to bootstrap his time-barred slander claims into this action by baselessly suggesting that they are revived as a "counterclaim" or "set off" to Ms. Swift's compulsory counterclaims. (*Id.* at 3) ("just as Plaintiff revived Ms. Swift's ability to bring stale assault and battery counterclaims, Ms. Swift revived Plaintiff's ability to bring stale defamation claims")).

As stated by the Colorado Court of Appeals, "[t]he language of the pertinent [revival] statute makes it clear that its purpose is to allow *a party against whom a claim has initially been asserted to plead a stale claim* only in response to the claim asserted against that party and only if it arises out of the same transaction or occurrence . . . ." *Duell v. United Bank of Pueblo*, 892 P.2d 336, 340-41 (Colo. Ct. App. 1994) (emphasis added). The court expressly recognized that the

3

revival statute "exposes the '*initiating party* to otherwise stale claims.'" *Id.* at 341 (quoting *Ogg v. City of Springfield*, 458 N.E.2d 1331, 1337 (Ill. App. Ct. 1984)). As stated above, Ms. Swift is not an initiating party: she filed necessary compulsory counterclaim only in response to Plaintiff's Complaint, and those counterclaims arose directly out of the same set of operative facts.

As Plaintiff tries here, the plaintiff in *Duell* argued that "just as a plaintiff may be exposed to the assertion of a stale claim by initially filing a complaint, a defendant may be exposed to a stale claim by asserting a counterclaim in a responsive pleading." *Id.* The *Duell* court rejected this reasoning, stating that, "[w]hile plaintiff may be correct *generally,* if the claim asserted in such a reply has *already* been pleaded in the plaintiff's complaint that initiated the litigation, it cannot be considered to be a 'counterclaim or setoff' within the meaning of the statute." *Id.*; *see also Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1168 (10th Cir. 2000) ("As interpreted by the Colorado courts, this provision 'makes it clear that its purpose is to allow a party against whom a claim has initially been asserted to plead a stale claim only in response to the claim asserted against that party and only if it arises out of the same transaction or occurrence, or the same series thereof.'" (citation omitted)); *Plains Metro. Dist. v. Ken-Caryl Ranch Metro. Dist.*, 250 P.3d 697, 702 (Colo. App. 2010) ("The evident 'purpose' of this statute 'is to allow a party against whom a claim has initially been asserted to plead a stale claim" as a counterclaim in certain circumstances." (citation omitted)); 5A Colo. Prac., Handbook on Civil Litigation § 3:5 (2015 ed.) (The revival statute "does not apply to allow a plaintiff to bring time-barred claims as 'counterclaims' to a defendant's counterclaims." (citation omitted)).

The revival statute simply does not permit the Plaintiff to manipulate the statute of limitations to bring unquestionably time-barred claims. Plaintiff asserted his tortious interference claims (just before the statute of limitations expired on those claims as well) knowing that any

4

possible slander claims existed at the time, arose out of the same transaction or occurrence, and were time-barred. Though Ms. Swift had no intention of bringing a lawsuit, she was forced to bring compulsory counterclaims to avoid waiving her rights, to disprove Plaintiff's allegations, and to show that, although she never intended to make it public, Plaintiff sexually assaulted her. *See* Fed. R. Civ. P. 13(a). Now, Plaintiff asks this Court, in perversion of the revival statute, to resurrect his time-barred claims and correct his tactical decisions and mistakes. The Court must decline to do so and dismiss Plaintiff's claims for slander *per se* and slander *per quod* with prejudice.

## 2. Plaintiff's Opposition Confirms That He Has Failed to Plead Facts Sufficient to Avoid Dismissal of His Tortious Interference Claims Under Rule 12(b)(6).

### A. Plaintiff unsuccessfully relies on the bald legal assertions in his Second Amended Complaint.

In attempting to salvage his tortious interference claims, Plaintiff points the Court almost exclusively to the "notice" paragraphs in his "Claims for Relief," which plead the elements of his asserted offenses. (ECF No. 76 at 4-5). It bears little repetition that to survive a Rule 12(b)(6) motion, plaintiffs can no longer rely on merely pleading the elements of an offense. *See Kan. Penn. Gaming, LLC v. Collins*, 656 F.3d.1210, 1214 (10th Cir. 2011). Nearly all of the allegations on which Plaintiff relies in his Opposition are "formulaic recitation[s] of the elements of" Plaintiff's tortious interference claims. *See Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those legal] conclusions." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citation omitted). In contrast, Plaintiff points to scant allegations from the factual "General Allegations" portion of his Complaint, because they do not support his argument that the Second Amended Complaint contains acceptably specific, well-

5

pleaded facts, which viewed in the light most favorable to the Plaintiff, are sufficient to survive a motion to dismiss.

> **i. Plaintiff does not adequately plead that Defendants knew a contract existed.**

Plaintiff points to Paragraph 42 of his Second Amended Complaint to argue that he adequately pled that *all* of the Defendants knew that he had an existing employment contract. (*See* ECF No. 76 at 4). That paragraph merely states, "Defendants knew or reasonably should have known of the contract." (ECF No. 72 ¶ 42). This is precisely the type of legal conclusion that the Supreme Court has held cannot support a claim for relief. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. And, despite Plaintiff's contention that other paragraphs in the Second Amended Complaint support this element, at *most* the paragraphs Plaintiff cites could support an inference that Mr. Bell alone knew of his contract—which in addition to implicating to only one of the Defendants -- is only *one* of the required elements of Plaintiff's tortious interference with contract claim. *See, Memorial Gardens, Inc. v. Olympian Sales and Management Consultants, Inc*., 690 P.2d 207, 201 (Colo. 1984) (setting forth the required elements for tortious interference with contract). Plaintiff's Second Amended Complaint alleges that Mr. Bell alone spoke to KYGO personnel. (ECF No. 72 ¶¶ 29, 32, 33, 35). Plaintiff does not allege that any of the Swifts themselves even knew who he was, let alone knew that he had an employment contract with KYGO.

> **ii. Plaintiff does not adequately allege that any of the Defendants acted to intentionally or improperly interfere with his contract or prospective contractual relations.**

In an effort to show that his Second Amended Complaint adequately pled that all four defendants both intentionally and improperly interfered with his contract and prospective contractual relationships, Plaintiff again cites to the bare legal conclusions set forth in his "Claims

6

for Relief." Specifically, he misguidedly contends that Paragraphs 43 ("Defendants, by words and conduct, intentionally caused Lincoln Financial . . . to terminate its contract with Mr. Mueller.") and 44 ("Defendants interference with Mr. Mueller's contract was improper" are sufficient to support these elements. (ECF No. 76 at 4-5; ECF No. 72 ¶¶ 43, 44). But, Plaintiff cannot direct the Court to a *single fact* supporting the allegations that any Defendant acted intentionally or improperly. (*See also* ECF No. 76 at 5 (pointing to paragraphs 43, 44, 49, and 50 to support the intentional and improper elements of the tortious interference claims against Mrs. and Mr. Swift)). Starkly revealing the inadequacy of his pleading, in contending that he pled facts to support that Mr. Bell acted intentionally or improperly, Plaintiff simply cites to his Second Amended Complaint "in whole." (*See id.* at 5). This general allegation is "an unadorned, the-defendant-unlawfully-harmed-me accusation" and a complaint must do more to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678.

### 3. Plaintiff impermissibly adds allegations in his Opposition not pled in his Second Amended Complaint.

In a failed effort to suggest that his Second Amended Complaint alleges sufficient facts from which the Court could reasonably infer that all four Defendants knew that he had a contract, Plaintiff *adds facts* in his Opposition that he did not plead in the operative Complaint. Specifically, in his Opposition, Plaintiff asks, "[r]eally, Ms. Swift and the other Defendants did not understand that Mr. Mueller had an employment contract, even though *they* repeatedly telephoned the station . . . ?" (ECF No. 76 at 4) (emphasis added). But, as stated above, the Second Amended Complaint alleges that only one Defendant, Mr. Bell, ever had any contact with Plaintiff's employer. (*See* ECF No. 72 ¶¶ 32, 33, 35). He cannot now "allege," for the first time in his Opposition, that the other Defendants "repeatedly telephoned the station." *See, e.g.*, *Abdulina v. Eberl's Temp. Servs.,*

7

*Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015) ("Plaintiff, however, cannot amend h[is] complaint by adding factual allegations in response to Defendant's motion to dismiss.").

The same rule prohibits Plaintiff from saving his Second Amended Complaint by arguing that certain allegations support the inference that "Mrs. and Mr. Swift took action to ensure the person who purported [sic] grabbed their daughter's bottom was fired and unable to work in radio going forward." (ECF No. 76 at 5). Once again, Plaintiff's Second Amended Complaint nowhere alleges that Mrs. and Mr. Swift "took action" or that Mrs. and Mr. Swift "*asked that Mr. Mueller be fired* and unable to work in radio going forward." (*Id.*) (emphasis added). Again, Plaintiff cannot avoid dismissal by raising these new allegations in his Opposition to Defendants' Motion to Dismiss. *See Abdulina*, 79 F. Supp. 3d at 1206; *Sudduth v. Citimortgage, Inc.*, 79 F. Supp. 3d 1193, 1198 n.2 (D. Colo. 2015) (highlighting that plaintiffs may not "amend their complaint by adding factual allegations in response" to defendant's motion to dismiss).

### 4. Plaintiff concedes, as a matter of law, a number of Defendants' arguments demonstrating that he has failed to state a claim.

Plaintiff has utterly ignored Defendants' arguments regarding a number of additional elements that he failed to plead: (1) that to state tortious interference claims against Mr. Bell acting as Ms. Swift's agent, Plaintiff must plead that Mr. Bell was "motived solely by the desire to harm Plaintiff or out of personal animus towards Plaintiff or his employer." (ECF No. 75-1 at 10-11) (quoting *Ayon v. Kent Denver Sch.*, No. 12-CV-2546, 2013 WL 1786978, at *5 (D. Colo. Apr. 26, 2013)); (2) that Defendants knew about any of Plaintiff's prospective business relations (*id*. at 12); (3) that Plaintiff had any ongoing relationship on which there is or was a reasonable likelihood that opportunities would arise (*id.*); and (4) that a single party existed with whom he would have had even a remote possibility of entering a contractual relationship. (*Id.*).

8

Plaintiff simply does not address arguments two through four, and responds to one, regarding the necessary elements to state a claim against Frank Bell, only by stating that he is "allowed to plead in the alternative." (ECF No. 76 at 5-6). This meaningless axiom does not relieve Plaintiff of his obligation to plead the elements of his offense with enough factual particularity to raise his right to relief above speculation, whether pled in the alternative or otherwise. *See Kan. Penn Gaming*, 656 F.3d. at 1214.

Left unrebutted, Plaintiff has conceded that these four elements are not satisfied. *See, e.g.*, *Alfonos v. SSC Pueblo Belmont Operating Co.,* No. 11-CV-2863128, 2012 WL 2863128, at *6 (D. Colo. July 11, 2012) ("Because Plaintiff failed to respond, the Court finds that Plaintiff has conceded Defendant's argument on this point."). Thus, in addition to the arguments Defendants set forth in their Motion and this Reply, based on Plaintiff's concession alone, the Court must dismiss both of Plaintiff's tortious interference claims against Mr. Bell and Plaintiff's tortious interference with prospective business relations claim as to all four Defendants.

### 4. There is No Basis Upon Which to State a Claim for *Respondeat Superior*.

*Respondeat superior* is not a stand-alone cause of action or cognizable legal claim. *Baker v. Baxa Corp.,* No. 09-CV-2034, 2011 WL 650002, at *1 (D. Colo. Feb. 11, 2011). Rather, it is a method to prove another claim and must be based on an underlying tort. *Id.* Because all of Plaintiff's underlying tort claims fail to state a claim upon which relief can be granted, his additional claim for *respondeat superior* must also be dismissed. *See Lymon v. Aramark Corp.*, 499 Fed. App'x 771, 774 (10th Cir. 2012).

WHEREFORE, for the foregoing reasons, and those articulated more fully in Defendants' Motion to Dismiss and Memorandum in Support, Defendants respectfully request that the Court grant their Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted.

|  |  |
|---|---|
| April 22, 2016 | Respectfully Submitted,<br><br>/s/ J. Douglas Baldridge<br>J. Douglas Baldridge<br>Courtney A. Sullivan<br>Katherine M. Wright<br>Venable LLP<br>575 7th Street, NW<br>Washington, D.C. 20004<br>Telephone: (202) 344-4703<br>FAX: (202) 344-8300<br>E-mail: jdbaldridge@venable.com<br>E-mail: casullivan@venable.com<br>E-mail: kmwright@venable.com<br><br>*Attorneys for Defendants Frank Bell,*<br>*Scott Swift, Andrea Swift, and Taylor Swift* |

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 22nd day of April, 2016 a copy of the foregoing was filed with the Clerk of Court using the Court's CM/ECF system on all counsel of record.

/s/ *J. Douglas Baldridge*
J. Douglas Baldridge