# EXHIBIT 18

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202 | |
| **DAVID MUELLER,**<br>**Plaintiff**<br>v.<br>**TAYLOR SWIFT,**<br>**Defendant** | ▲   **COURT USE ONLY**<br><br>Case No.:<br><br>Division: |
| Attorneys for Plaintiff:<br>M. Gabriel McFarland, No. 26167<br>Cyd Hunt, No. 15058<br>EVANS & MCFARLAND, LLC<br>910 13th St., Suite 200<br>Golden, Colorado 80401<br>tel 303.279.8300<br>fax 303.277.1620<br>email: gmcfarland@emlawyers.com<br>         chunt@emlawyers.com | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff David Mueller, through counsel, complains against Defendant Taylor Swift as follows:

### PARTIES AND VENUE

1.   Plaintiff Mueller is an individual who is, and at all relevant times was, a resident of Douglas County, Colorado.

2.   Defendant is an individual who, upon information and belief, resides in Tennessee. Defendant is subject to the jurisdiction of this Court pursuant to C.R.S. § 13-1-124.

3.   Venue is proper pursuant to C.R.C.P. 98(c), as Defendant is a nonresident of this state, and Plaintiff designates the City and County of Denver, Colorado as his choice of venue.

### GENERAL ALLEGATIONS

4.   Mr. Mueller is a professional radio personality known by the pseudonym "Jackson." At the time of the incidents described herein, he was employed by KYGO, a Denver

Exhibit No.: 4
Deponent: Mueller
Date/RPR: 7/13/16
Hunter + Geist, Inc. JW

Confidential                                                                                                         SWIFT_0000087

country music radio station, as a morning show co-host with his friend and professional partner, Ryan "Ryno" Kliesch.

5. In relation to his position with the KYGO, Mr. Mueller was required to attend concerts and appearances by performers whose music was featured on the station, and was required to interact with the performers, often resulting in the taking and publication of Mr. Mueller's photograph in the company of the performers.

6. On June 2, 2013, Mr. Mueller and his friend and co-worker, Shannon Melcher, attended a concert by country musician Taylor Swift at the Pepsi Center in Denver.

7. Mr. Mueller's name was listed for a backstage pass by the KYGO program director, and he was instructed to arrive at the Pepsi Center before the concert was scheduled to begin.

8. Prior to the commencement of the performance, Mr. Mueller and Ms. Melcher visited Ms. Swift in a backstage tented enclosure set up for the taking of photographs of Ms. Swift with fans who had won backstage passes through local radio station promotions.

9. Mr. Mueller, Ms. Melcher, and Ms. Swift exchanged pleasantries, and Ms. Swift's photographer took a photograph of Ms. Swift flanked by Mr. Mueller and Ms. Melcher.

10. Ms. Swift thanked Mr. Mueller and Ms. Melcher for their visit, and Ms. Swift's assistant gave them autographed photographs of Ms. Swift. In addition, Ms. Melcher was given a card with the code to allow downloading of the group photo from Ms. Swift's website.

11. After the brief backstage interaction, Mr. Mueller spoke with the KYGO program director to confirm his duties to the station had been satisfied. He then returned to Ms. Melcher, and the two proceeded to their seats on the main floor of the arena in preparation for the performance.

12. As he approached his seat, Mr. Mueller was stopped by a member of Ms. Swift's security team, "Craig." Craig pulled Mr. Mueller aside and hostilely questioned him at length regarding his backstage visit with Ms. Swift. Craig accused Mr. Mueller of inappropriate physical contact with Ms. Swift during the photo session and threatened police intervention.

13. Security personnel and members of Ms. Swift's staff surrounded Mr. Mueller and Ms. Melcher, continued verbally abusing them, and informed them Ms. Swift did not want them to attend her concert. Mr. Mueller and Ms. Melcher were escorted to an exit door and directed to depart the concert venue.

14. Later on June 2 and again on June 3, 2014, apparently at Ms. Swift's direction, a member of her management staff, Frank Bell, contacted KYGO's general manager, Bob Call.

2

Confidential
SWIFT_0000088

Mr. Bell repeated Ms. Swift's charge of inappropriate physical contact by Mr. Mueller, specifically that Mr. Mueller had lifted Ms. Swift's skirt with his hand and grabbed her bottom. Mr. Bell told Mr. Call that Ms. Swift, her parents, and her staff were very upset. Mr. Bell threatened that KYGO "could be gravely impacted" by the incident and stated that the Swifts were "considering all their options."

15. Also on June 2, 2014, KYGO's program director, Eddie Haskell, was contacted by both Mr. Bell and Scott Borchetta, president of Big Machine Label Group, the entity that records Ms. Swift, to complain about Mr. Mueller's alleged misconduct.

16. Despite Mr. Mueller's adamant protestations that Ms. Swift's accusations were false, KYGO terminated Mr. Mueller's employment contract on June 4, 2014.

### FIRST CLAIM FOR RELIEF
(Slander *per se*)

17. Plaintiff incorporates by reference all foregoing allegations.

18. Defendant Swift published and/or caused to be published to third parties the statement that Plaintiff Mueller had lifted her skirt and grabbed her bottom during a photo session, or a statement in substantially similar words.

19. The statement was false and defamatory.

20. At the time Defendant made the statement, she knew it was false or recklessly or negligently disregarded its falsity.

21. The statement was slanderous *per se*.

### SECOND CLAIM FOR RELIEF
(Slander *per quod*)

22. Plaintiff incorporates by reference all foregoing allegations.

23. Defendant Swift published and/or caused to be published to third parties the statement that Plaintiff Mueller had lifted her skirt and grabbed her bottom during a photo session, or a statement in substantially similar words.

24. The statement was false and defamatory.

25. At the time Defendant made the statement, she knew it was false or recklessly or negligently disregarded its falsity.

26. The publication of the statement caused harm to Mr. Mueller's reputation and

3

Confidential
SWIFT_0000089

standing in the community and in his profession, including without limitation the loss of his employment.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will compensate him for his damages, plus pre- and post-judgment interest, costs, and all other relief deemed just and proper by the Court.

DATED this 16th day of July, 2014.

        EVANS & MCFARLAND, LLC

        *The original signature is on file at Evans & McFarland, LLC*

        By: /s/ Cyd Hunt
          M. Gabriel McFarland
          Cyd Hunt

        ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
8801 Creekside Way, #1313
Highlands Ranch, Colorado  80129

4

Confidential

SWIFT_0000090