**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:15-cv-01974-WJM-KLM

DAVID MUELLER

        Plaintiff,

v.

TAYLOR SWIFT; FRANK BELL;
ANDREA SWIFT a/k/a ANDREA FINLAY;
and JOHN DOES 1-5

        Defendants.

## JOINT MOTION TO RESTRICT ACCESS TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Andrea Swift, Frank Bell, and Taylor Swift (collectively "Defendants") and Plaintiff David Mueller ("Mueller" or "Plaintiff") (collectively, "the Parties"), pursuant to D.C.Colo.LCivR. 7.2, move the Court to restrict access to Defendants' Motion for Summary Judgment (Dkts. 108, 110).

### OVERVIEW

Defendants' Motion for Summary Judgment ("Motion") and supporting documents include confidential and private evidence regarding the events underlying Plaintiff's claims and Ms. Swift's Counterclaim for assault. As Magistrate Judge Mix has already observed, and Google searches confirm, there is substantial media attention to this case. Public disclosure of the evidence at this point runs the real risk of tainting the jury[1] through media coverage and discussion of the evidence. The public dissemination of this evidence will likely have nothing to do with the

---

[1] Defendants seek summary judgment on all of Plaintiff's claims, and contend that none of those claims should proceed to a jury.

public's interest in the Court's decision making process. Rather, it will be driven by the prurient interests related to the facts alleged in this case. The public dissemination of the allegations against Mr. Mueller and the resulting invasion of the Parties' privacy is neither necessary nor of legitimate public interest.

Accordingly, the Parties request that the Court grant this Motion for Restricted Access and permanently designate the Motion for Summary Judgment and all corresponding briefs and materials submitted in connection therewith (*e.g.*, opposition memoranda, reply memoranda and supporting materials) as Level 1 restricted documents.[2]

Alternatively, the Parties jointly propose that the Court restrict access to the portions of the Motion and documents submitted in support that address the specific evidence relating to the incident at issue—including testimony from witnesses and photographic evidence. The specific proposed redactions and restrictions are discussed in more detail herewith.[3] Accordingly, the Parties request the Court consider the restrictions identified herein and permanently designate the corresponding documents as Level 1 restricted documents.

## STANDARD OF REVIEW

The public's right to judicial records is not absolute. *Jetway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (citations omitted). Courts may exercise discretion and restrict a public's right to access judicial records if that "right of access is outweighed by competing interests." *Id.* (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th

---

[2] This includes the Notice of Corrected Exhibit filed as a Level 1 restricted document on October 14, 2016. (Dkt. 110).

[3] Should the Court adopt this alternative, the Parties can submit redacted versions of the Motion and supporting documents for the Court's review.

2

Cir. 2011)). Restricted access to records is proper when a party "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Id.* (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135-36 (10th Cir. 2011)). Under this standard, courts have restricted access to documents that contain trade secrets, information that could harm the competitive interests of parties to litigation or third parties, private information, or information that could otherwise invade the parties' privacy interests. *See, e.g.*, *Pine Telephone Co. v. Alcatel Lucent USA Inc.*, 617 Fed. App'x 846, 852 (10th Cir. 2015); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010); Fed. R. Civ. P. 5.2. Personal information that "is scandalous, libelous, or highly personal or sensitive in nature" can be restricted. *Huddleson*, 270 F.R.D. at 638. The decision to limit public access to a document "is necessarily fact-bound" and therefore there is "no comprehensive formula for decisionmaking." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). Rather, the "decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* (quoting *Nixon*, 435 U.S. at 598).

In the District of Colorado, the fact-based inquiry for determining a motion to restrict is guided by Local Rule 7.2. Such a motion must: (1) identify the document for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. D.C.Colo.LCivR. 7.2. The Parties address each of these local rule requirements below.

## ARGUMENT

I.  **THE MOTION AND ALL SUPPORTING DOCUMENTS SHOULD BE RESTRICTED**

As noted above, the Parties move to restrict access to Defendants' Motion for Summary Judgment ("Motion") and documents filed in support thereof. (Dkts. 108, 110). These documents should be permanently restricted due to the interests identified below and the clearly defined and serious injury that would result if such restricted access is not granted.

**Interest 1**: Ensuring that court files do not become a vehicle for improper purposes and taint the jury pool. The Supreme Court has recognized that the public's general right of access to court files is rightfully curtailed when "court files might have become a vehicle for improper purposes" including the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Nixon*, 435 U.S. at 598. Moreover, many state's ethics rules, including Colorado's, prohibit dissemination of information that could "materially prejudice an adjudicative proceeding." *See* Col. R. Prof'l Conduct 3.6.[4]

As Magistrate Judge Mix noted in prior hearings, and as a simple Google search will show, substantial media attention is being paid to this action. Given this attention, the Motion and its contents will undoubtedly be reported at length. Potential jurors will be exposed to the media's version of the issues in this case, running the very real risk of tainting or limiting the jury pool. Resulting jury prejudice or jury pool diminishment is not only a real possibility, it is likely, and clearly an outcome the Parties, and presumably the Court, wish to avoid. Such an outcome should

---

[4]  Counsel recognizes that this rule generally governs extrajudicial comments, but, as the Parties are well aware, every filing in this case is magnified and widely disseminated due to the media's interest in its participants.

4

be avoided as the public interest in this case is not based on the Court's decision making process, but rather because of Ms. Swift's involvement. *See, e.g.*, *Nixon*, 435 U.S. at 598 (stating that courts do not "permit their files to serve as reservoirs . . . for press consumption"). The fact that Plaintiff is alleged to have assaulted Ms. Swift only raises the likelihood that evidence will be widely reported, discussed, and spun in a way that will likely influence the jury pool.

The Court has already recognized the need for restriction of materials in this matter. For example, Magistrate Judge Mix placed limitations on Ms. Swift's deposition video. (*See* Dkt. 92). Those same interests apply equally here toward wholesale protection of the Motion and supporting documentation, which include, among other things, Ms. Swift's deposition testimony.

The sensitive nature of the materials for which the Parties seek restricted access is further evidenced by the fact that the information was designated by the Parties as "Confidential" under the governing Protective Order. (*See* Dkt. 81).[5] As such, it was disclosed and shared among the Parties with the understanding that it would be kept confidential and not publicly disseminated.

The interest in not allowing the media to report this Motion through its lens is substantial in this case where all filings are magnified and reported on a level unseen in a typical proceeding and outweighs public access given the risks of tainting the future jury pool.

**Interest 2**: Protect the privacy interests of the litigants and third parties. "[P]ersonal information that "is scandalous, libelous, or highly personal or sensitive in nature" can be restricted. *Huddleson*, 270 F.R.D. at 638. As noted above, this case involves an alleged assault and alleged defamation. Details of both of these claims pose harm to the Parties simply by their

---

[5] While the Parties recognize that the inclusion of material subject to a protective order <u>alone</u> is insufficient to justify restriction (*see* Local Rule 7.2(c)(2)), it is an important consideration.

public dissemination—regardless of the truth of the allegations. *See, e.g.*, *Nixon*, 435 U.S. at 598 (recognizing that a court should not be used to disseminate "libelous statements"). Again, much of this information is subject to the Protective Order to protect the privacy of the Parties and ensure that sensitive information is not widely disseminated. (*See* Dkt. 81). The public's interest in knowing the facts of this case at this juncture is outweighed given the extremely sensitive and private nature of the alleged assault and the alleged defamatory statements.

Given the sensitivity of the information discussed above that permeates the entirety of the Motion, and considering the facts and circumstances of this case, the Parties respectfully request that the Court order Level 1 restriction of the Motion and all documents filed in support thereof.

## II.   IN THE ALTERNATIVE, THE COURT SHOULD RESTRICT CERTAIN INFORMATION

Alternatively, in a showing of the utmost good faith, the Parties have attempted to identify individual portions of the Motion and documents in support that are especially subject to restricted access.

The Parties therefore request that portions of the Motion for Summary Judgment and supporting documents detailing the evidence, including testimony and photographic evidence of the incident involving Ms. Swift and Plaintiff, be restricted. These documents include: Motion for Summary Judgment pages ii, 1, 2, 15, 16-18, 19, 20, 22, 23, 26, 27; Movants' Statement of Material Facts paragraphs 5-17, 22-24, 28-30, 33-34, 36-42 and footnote 4, and 59; Ex. 3 at 23, 26, 27-31, 35, 36, 37, 42, 67, 72, 73-75, 77, 85-87, 166, 215, 225; Ex. 4 at 17-19, 28, 34, 37, 39, 40, 42-43, 45; Ex. 5; Ex. 6 at 9, 15-20, 23, 24-25, 31, 33, 34, 37, 40, 41, 42; Ex. 7; Ex. 8 at 35-36,

39, 42, 48, 54-55; Ex. 9 at 20, 22-23, 28, 29-30;[6] Ex. 10 at 41, 45-47, Ex. 11; Ex. 12 at Exhibit A at 2-27; Ex. 13 at 22-23, 32, 101; Ex. 14; Ex. 15 at 23-27, 32-33, 36-37; Ex. 16 at 12-15, 19-20, 24-26, 28-30, 37, 43.

The documents identified here should be restricted based on the same interests articulated in Section I. Most notably, Ms. Swift's testimony about the events at issue in this case and photograph are likely to generate significant interest from, and dissemination by, the media if placed on the public record. As mentioned above, the Court has previously recognized the need for and interest in curtailing access to Ms. Swift's testimony, as reflected in its July 14, 2016 ruling restricting the dissemination of the video of her deposition testimony. (Dkt. 92). Similarly, providing Plaintiff's and other witness's accounts of the alleged assault will also serve to taint and unduly influence prospective jurors. If there is any hope of a fair and impartial trial in this matter, information obtained directly from Ms. Swift and others who witnessed the events at issue must be kept restricted. The interest in a fair and impartial trial outweigh any public interest in access to the documents identified above.

The same is true regarding the photograph taken on June 2, 2013 and documents describing it. Exhibit 14 is extremely personal and sensitive in nature and should not be shared with the public until absolutely necessary (at trial). *See Huddleson*, 270 F.R.D. at 638. After the Court reviews Exhibit 14 and the documents describing it, the sensitive, personal, and private nature of the documents will be readily apparently. In addition to the likelihood of these documents swaying a jury, it is all but assured that the photograph will be shared for scandalous

---

[6] Again, this includes replacement Exhibit 9 filed earlier today as a Level 1 Restricted Document. (Dkt. 110).

and prurient interests—reasons that have nothing to do with the public's interest in the Court's decision making. That is not a risk the Parties should be forced to take. *See, e.g.*, *Huddleson*, 270 F.R.D. at 638 (nothing that scandalous or highly personal or sensitive information can be restricted). Indeed, throughout the pendency of this litigation, the Parties agreed that the photograph is confidential and could be shared only among the Parties based on its sensitive nature. Here, for her own protection, Ms. Swift's privacy outweighs the public's interest in accessing Exhibit 14 and any documents describing it.

The documents detailed above are sensitive, personal, and private. Under the circumstances of this case, the interests in (1) protecting the Parties' privacy, and (2) maintaining a fair, impartial jury without undue influence from the press, outweigh the public's interest in accessing these documents at this point in the case. The Parties therefore respectfully, alternatively and at a minimum, request that the Court order Level 1 restriction of the documents and portions thereof identified in Section II.

WHEREFORE, for the foregoing reasons, the Parties respectfully request the Court grant its Joint Motion to Restrict Access to Defendants' Motion for Summary Judgment and all documents filed in support.

                                                  Respectfully Submitted,

October 14, 2016                          /s/ *J. Douglas Baldridge*
                                                  J. Douglas Baldridge
                                                  Danielle R. Foley
                                                  Katherine M. Wright
                                                  Venable LLP
                                                  575 7th Street, NW
                                                  Washington, D.C. 20004
                                                  Telephone: (202) 344-4000

FAX: (202) 344-8300
E-mail: jbaldridge@venable.com
E-mail: drfoley@venable.com
E-mail: kmwright@venable.com

*Attorneys for Defendants Frank Bell, Andrea Swift, and Taylor Swift and Counterclaimant Taylor Swift*

*/s/ M. Gabriel McFarland*
M. Gabriel McFarland
Evans & McFarland, LLC
910 13th Street, #200
Golden, CO 80401
303-279-8300
Email: gmcfarland@emlawyers.com

*Attorney for Plaintiff / Counterclaim Defendant David Mueller*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 14th day of October, 2016 a copy of the foregoing was filed with the Clerk of Court using the Court's CM/ECF system, which served a copy on all counsel of record.

/s/ *J. Douglas Baldridge*
J. Douglas Baldridge