IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-1974-WJM-KLM

DAVID MUELLER,

    Plaintiff,

v.

TAYLOR SWIFT,

    Defendant and CounterClaimant

    and

FRANK BELL,
ANDREA SWIFT a/k/a ANDREA FINLAY,
SCOTT SWIFT, and
JOHN DOES 1-5,

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS SUPERSEDED BY DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Plaintiff David Mueller brings this action against Defendants Taylor Swift, Frank Bell, Andrea Swift (a/k/a Andrea Finlay), Scott Swift, and five unnamed "John Doe" Defendants, alleging tortious interference with contract and with prospective business relations, slander *per se*, slander *per quod*, and claims for *respondeat superior* liability against Defendant Swift.  (ECF No. 72.)  Defendant Swift has pled counterclaims for assault and battery.  (ECF No. 36.)

This action was removed from Denver District Court on September 10, 2015. (ECF No. 1.)  Following amendment of Plaintiff's Claims and the filing of Defendant

Swift's Counterclaims, Defendants filed a Motion to Dismiss, seeking dismissal with prejudice of all Plaintiff's claims.  (ECF No. 75.)  Defendants argue that Plaintiff failed to state a claim for tortious interference because Plaintiff has not and can not plead all the elements of those torts; in particular, Defendants argue they were unaware of the contract and/or prospective business relations with which they allegedly interfered.  (*Id.* at 6–12.)  Defendants also argue that Plaintiff's slander claims are barred by the statute of limitations (*id.* at 5–6) and that his *respondeat superior* claim fails for lack of underlying tortious conduct (*id.* at 13).

The Court has not yet addressed the Motion to Dismiss, and the case has proceeded through discovery.  (*See* ECF No. 61 (setting discovery cut-off at July 21, 2016; ECF No. 93 (extending discovery deadline to July 28, 2016 for expert disclosures); ECF No. 98 (extending discovery to September 23, 2016 for completion of expert depositions).)  On September 30, 2016, Defendants filed a Motion for Summary Judgment.  (ECF Nos. 108 & 109.)  The Motion for Summary Judgment raises all of the same arguments made in the Motion to Dismiss, but tailors these arguments to the current phase of the litigation by including references to the record developed during discovery, rather than simply relying on the allegations in the Complaint.  (*Compare* ECF Nos. 75 & 108.)

Because Defendants have now filed a summary judgment motion that incorporates the same arguments raised in the Motion to Dismiss, the Court finds that the Motion to Dismiss is superseded, and should be denied as moot.  *See Drake v. City & Cnty. of Denver*, 953 F. Supp. 1150, 1152 n.1 (D. Colo. 1997) (holding that motions

to dismiss were "subsumed by the Motions for Summary Judgment and are denied as moot."); *Neff v. Coleco Indus., Inc.*, 760 F.Supp. 864, 865 n.1 (D. Kan. 1991) (same).

Accordingly, the Court ORDERS as follows:

1. Defendants' Motion to Dismiss (ECF No. 75) is DENIED WITHOUT PREJUDICE AS MOOT due to the fact that it has been superseded by Defendants' Motion for Partial Summary Judgment; and

2. The Court will resolve the substantive issues raised in the Motion to Dismiss when it rules on Defendants' Motion for Partial Summary Judgment.

Dated this 17th day of October, 2016.

BY THE COURT:

William J. Martinez
United States District Judge