**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-1974-WJM-KLM

DAVID MUELLER,

      Plaintiff,

v.

TAYLOR SWIFT,

      Defendant and CounterClaimant,

      and

FRANK BELL,
ANDREA SWIFT a/k/a ANDREA FINLAY,
SCOTT SWIFT, and
JOHN DOES 1-5,

      Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART THE
PARTIES' JOINT MOTION TO RESTRICT ACCESS TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Now before the Court is the parties' Joint Motion to Restrict Access to

Defendants' Motion For Summary Judgment.  (ECF No. 111.)  The Court takes

seriously the admonition in its local rules that all documents filed with the Court and all

Court proceedings are to be public, "[u]nless restricted by statute, rule of civil

procedure, or court order[.]"  D.C.COLO.LCivR 7.2(a).  Courts have long recognized a

common-law right of access to judicial records.  *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 599 (1978).  This overarching principle and practice of open and public court

proceedings and filings serves, in the Court's view, to significantly contribute to an

informed citizenry and free press in this country, and which conversely serves to

impede mightily the creation of Star Chamber-type tribunals in our land.

This right of access, however, is not absolute.  The "presumption of

access . . . can be rebutted if countervailing interests heavily outweigh the public

interests in access."  *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).  "The

party seeking to overcome the presumption bears the burden of showing some

significant interest that outweighs the presumption."  *Id.*

As the Court reads the Joint Motion, the parties' arguments for restricting public

access to Defendant's Motion for Summary Judgment and related papers are grounded

in the main upon Defendant Swift's public status as a famous musical performer, and

on the related likelihood that the public and media will pay more attention to this case

than to others.  As a public figure, however, case law suggests that Defendant's privacy

interests are, if anything, more narrowly constrained than those of an individual who has

not voluntarily placed herself in the public eye.  Indeed, other courts have found a

diminished privacy interest where the "party seeking to use [that privacy interest] as a

shield is a public person subject to legitimate public scrutiny," and where that party "has

freely entered the public square[.]"  *Constand v. Cosby*, 112 F. Supp. 3d 308, 315–16

(E.D. Pa. 2015).  The Court is of the view that this is the correct analysis to apply to the

relief sought in the Joint Motion to the extent it is predicated upon Defendant Swift's

fame.  The public is not less entitled to court records in this case than in another simply

because there may be more interest.

Moreover, despite the parties' representation that the materials they seek to

restrict contain "extremely personal and sensitive" information (*see* ECF No. 111 at 7),

the materials appear to be in the nature of entirely ordinary and mundane court filings,

such as are filed by other parties before this Court every day.  For example, among

those materials the parties identify as "especially subject to restricted access," they

include the table of contents of Defendants' Motion and entirely banal factual

statements, such as Defendants' allegation that "Prior to June 2, 2013, neither Ms.

Swift, Andrea Swift, nor Mr. Bell had ever met Plaintiff . . . ."  (*See* ECF No. 111 at 6;

ECF No. 108 at 6, ¶ 24.)  The claim that this information and related documents – and

others very much like them – are so sensitive as to require restriction from public and

media access is not credible, and such an assertion is categorically rejected by this

Court .

Accordingly, the Court FINDS and CONCLUDES, that the parties have failed to

demonstrate that the public's interest in maintaining public access to all Court

documents and proceedings is outweighed, let alone "heavily outweighed," by their

narrow private interests as set forth in the Joint Motion.  The Court finds only one

exception to this conclusion.  The Court *will* restrict access to the photograph filed as

Exhibit 14 to Defendants' Motion for Summary Judgment (ECF No. 108-16), only

because of the potential that widespread media dissemination of this image might

significantly complicate jury selection.

For the reasons stated, the Joint Motion is GRANTED IN PART AND DENIED IN

PART as follows:  Exhibit 14 to Defendants' Motion for Summary Judgment (ECF No.

108-16) will maintain its status as a Level 1 restricted document.  The parties' Joint

Motion is in all other respects DENIED, and the Clerk shall immediately lift the current

restriction on all other such documents.

Dated this 21st day of October, 2016.

BY THE COURT:

_____

William J. Martínez
United States District Judge