# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DAVID MUELLER ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:15-cv-01974-WJM-KLM |
| ) | |
| TAYLOR SWIFT; FRANK BELL; ) | |
| ANDREA SWIFT a/k/a ANDREA ) | |
| FINLAY; and JOHN DOES 1-5 ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND AND DEFENDANTS' AFFIRMATIVE DEFENSES[1]

Defendants Frank Bell, Andrea Swift, and Taylor Swift (collectively, "Defendants") respond to the Second Amended Complaint filed by Plaintiff / Counterclaim Defendant David Mueller ("Plaintiff" or "Mueller") as follows:

## PARTIES AND VENUE

1. Defendants are without sufficient knowledge and information to admit or deny the allegation in Paragraph 1, and, on that basis, deny the allegation.

2. Defendants deny the allegation in Paragraph 2. Taylor Swift is a resident of Tennessee.

3. Defendants admit the allegation in Paragraph 3.

4. Defendants admit the allegation in Paragraph 4.

---

[1] Counterclaimant Taylor Swift incorporates by reference her Counterclaim filed on October 28, 2015. (Dkt. 36).

5. Defendants admit the allegation in Paragraph 5.[2]

6. Defendants are without sufficient knowledge and information to admit or deny the allegation in Paragraph 6 and, on that basis, deny that allegation.

7. The allegation in Paragraph 7 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants do not contest jurisdiction for the purposes of this action.

8. The allegation in Paragraph 8 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants do not contest venue in this jurisdiction for the purposes of this action.

## GENERAL ALLEGATIONS

9. Defendants are without sufficient knowledge and information to admit or deny the allegations in Paragraph 9, and, on that basis, deny those allegations.

10. Defendants are informed and understand that Plaintiff entered into a contract with Lincoln Financial Media Company of Colorado in January 2013, but otherwise are without sufficient knowledge and information to admit or deny the allegation in Paragraph 10, and, on that basis, deny the allegation.

11. Defendants are informed and understand that Plaintiff's contract with Lincoln Financial Media Company of Colorado was for a term of two years, but otherwise are without sufficient knowledge and information to admit or deny the allegations in Paragraph 11, and, on that basis, deny the allegations.

---

[2] Plaintiff voluntarily dismissed Defendant Scott Swift on September 14, 2016. (Dkt. 105).

12. Defendants are without sufficient knowledge and information to admit or deny the allegation in Paragraph 12, and, on that basis, deny the allegation.

13. Defendants are without sufficient knowledge and information to admit or deny the allegations in Paragraph 13, and, on that basis, deny the allegations.

14. Defendants are without sufficient knowledge and information to admit or deny the allegation in Paragraph 14, and, on that basis, deny the allegation.

15. Defendants are without sufficient knowledge and information to admit or deny the allegations in Paragraph 15, and, on that basis, deny the allegations. Defendants admit only that Mueller was in a different "group" than Mr. Haskell and Mr. Kliesch.

16. Defendants admit that Plaintiff and Ms. Melcher were in the second meet and greet. Defendants are without sufficient knowledge and information to admit or deny the allegations in Paragraph 16, and, on that basis, deny the allegations.

17. Defendants admit that Ms. Swift met and greeted a number of people prior to her June 2, 2013 concert at the Pepsi Center, in Denver, Colorado. Defendants are without sufficient knowledge and information to admit or deny the remainder of the allegations in Paragraph 17, and, on that basis, deny the allegations.

18. Defendants are without sufficient knowledge and information to admit or deny the allegations in Paragraph 18, and, on that basis, deny the allegations.

19. Defendants admit that Ms. Swift posed for a photograph with Mueller and Melcher, but deny all other allegations in Paragraph 19.

20. Defendants deny the allegation as pled in Paragraph 20, and deny any characterizations of Ms. Swift's conduct in this Paragraph.

21. To the extent that Ms. Swift may have "bid good bye" to Melcher and Mueller, Defendants deny Plaintiff's characterization of Ms. Swift's demeanor in Paragraph 21.

22. Defendants are without sufficient knowledge and information to admit or deny the allegations in Paragraph 22, and, on that basis, deny the allegations.

23. Defendants are without sufficient knowledge and information to admit or deny the allegations in the first, second, and third sentences of Paragraph 23, and, on that basis, deny those allegations. Defendants deny the allegation in the fourth sentence of Paragraph 23. Defendants further deny that Mr. Haskell put his hands on Ms. Swift as alleged.

24. Defendants are without sufficient knowledge and information to admit or deny the allegations in Paragraph 24, and on that basis, deny the allegations.

25. Defendants admit the fourth sentence of Paragraph 25 only to the extent that Craig, a member of Ms. Swift's security team, correctly accused Mueller of improperly and inappropriately groping Ms. Swift while Mueller was being photographed with her. Defendants are without sufficient knowledge and information to admit or deny the remainder of the allegations in Paragraph 25, and, on that basis, deny each and every one of them.

26. Defendants admit the first sentence in Paragraph 26 only to the extent that members of Ms. Swift's staff told Mueller he could not attend the concert. Defendants deny that anyone "verbally abused" Mueller. Defendants are without sufficient knowledge and information to admit or deny the remainder of the allegations in Paragraph 26, and, on that basis, deny each and every one of them.

27. Defendants are without sufficient knowledge and information to admit or deny the allegations in Paragraph 27, and, on that basis, deny the allegations.

4

28.     Defendants are without sufficient knowledge and information to admit or deny the allegation in Paragraph 28, and, on that basis, deny the allegation.

29.     Defendants admit that Mr. Bell showed Mr. Haskell a photograph of Mueller with his hand in an inappropriate place and a grin on his face. Defendants deny the exact quotes attributed to Mr. Bell in Paragraph 29. Defendants are without sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 29, and, on that basis, deny each and every one of them.

30.     Defendants admit the allegation in Paragraph 30.

31.     Defendants are without sufficient knowledge and information to admit or deny the allegations in Paragraph 31, and, on that basis, deny the allegations.

32.     Defendants admit the allegations in the first and second sentences of Paragraph 32 only to the extent that Frank Bell contacted Bob Call sometime on June 3, 2013 and that Plaintiff inappropriately made physical contact with Ms. Swift, specifically that he lifted Ms. Swift's skirt with his hand and groped her bottom. Defendants deny the exact quotes attributed to Mr. Bell in Paragraph 32, and deny entirely Mueller's characterization of Mr. Bell's telephone call with Mr. Call. Defendants admit that per Mr. Call's request, Mr. Bell forwarded him the photograph. Defendants otherwise deny the remaining allegations of Paragraph 32.

33.     Defendants admit the allegation in the first sentence of Paragraph 33 only to the extent that Frank Bell phoned Bob Call sometime on June 3, 2013. Defendants deny the exact quotes attributed to Mr. Bell in Paragraph 33, and deny entirely Mueller's characterization of Mr. Bell's telephone call with Mr. Call.

34. Defendants admit that Mr. Call and Mr. Haskell met with Mueller to discuss the accusations against him.  The image depicted in the photograph of Ms. Swift with Melcher and Mueller speaks for itself.  Defendants deny that Mueller "consistently maintained that Ms. Swift's accusations were false."  Defendants deny the remaining allegations in Paragraph 34.

35. Defendants admit only that Mr. Call telephoned Mr. Bell sometime on June 3, 2013. Defendants deny the exact quotes attributed to Mr. Bell in Paragraph 35 and deny entirely Mueller's characterization of Mr. Bell's telephone call with Mr. Call.

36. Defendants admit the allegation in Paragraph 36.

37. Defendants are without sufficient knowledge and information to admit or deny the allegations in Paragraph 37, and, on that basis, deny the allegations.

38. Defendants deny the allegations in Paragraph 38 and the characterization of those allegations.

39. Defendants are without sufficient knowledge and information to admit or deny the allegations in the first sentence in Paragraph 39, and, on that basis, deny the allegation.  Defendants deny the allegations in the second and third sentences of Paragraph 39.

Defendants deny each and every remaining allegation of the Amended Complaint to the extent not expressly admitted in the foregoing paragraphs.

## **FIRST CLAIM FOR RELIEF**

**(Intentional Interference with Contractual Obligations)**

40. Defendants incorporate by reference their responses to Paragraphs 1 through 39.

41. Defendants admit the allegation in Paragraph 41.

42. Defendants deny the allegation in Paragraph 42.

6

43. Defendants deny the allegation in Paragraph 43.

44. Defendants deny the allegation in Paragraph 44.

45. Defendants deny the allegation in Paragraph 45.

## SECOND CLAIM FOR RELIEF

### (Tortious Interference with Prospective Business Relations)

46. Defendants incorporate by reference their responses to Paragraphs 1 through 45.

47. Defendants deny the allegation in Paragraph 47.

48. Defendants deny the allegation in Paragraph 48.

49. Defendants deny the allegation in Paragraph 49.

50. Defendants deny the allegation in Paragraph 50.

51. Defendants deny the allegation in Paragraph 51.

## THIRD CLAIM FOR RELIEF

### (Slander *per se*)

52. Defendants incorporate by reference their responses to Paragraphs 1 through 51.

53. Defendants deny the allegation in Paragraph 53.

54. Defendants deny the allegation in Paragraph 54.

55. Defendants deny the allegation in Paragraph 55.

56. Defendants deny the allegation in Paragraph 56.

57. Defendants deny the allegation in Paragraph 57.

## FOURTH CLAIM FOR RELIEF

### (Slander *per quod*)

58. Defendants incorporate by reference their responses to Paragraphs 1 through 57.

59. Defendants deny the allegation in Paragraph 59.

60. Defendants deny the allegation in Paragraph 60.

61. Defendants deny the allegation in Paragraph 61.

62. Defendants deny the allegation in Paragraph 62.

63. Defendants deny the allegation in Paragraph 63.

## FIFTH CLAIM FOR RELIEF

### (*Respondeat Superior*)

64. Defendants incorporate by reference their responses to Paragraphs 1 through 63.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

WHEREFORE, Defendants deny all liability and Plaintiff is not entitled to any requested relief from this Court.

## AFFIRMATIVE DEFENSES

Without assuming any burdens it would not otherwise bear, Defendants assert the following affirmative defenses. Defendants reserve the right to amend or supplement their affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to state a claim)

Plaintiff's claims are barred, in whole or in part, because the Amended Complaint has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean hands, laches, estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches and/or estoppel. Plaintiff has engaged in wrongful, unconscionable, or inequitable conduct regarding his assault on Ms. Swift. Additionally, Plaintiff unreasonably delayed the filing of his suit.

## THIRD AFFIRMATIVE DEFENSE

### (No Improper Conduct)

Defendants' actions were authorized by law and in fact and were not improper.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of knowledge or intentional conduct)

Defendants conduct is not, and was not at any time, intentional and at no time prior to Plaintiff's termination did Defendants have knowledge of Plaintiff's alleged employment contract or prospective business relations. Plaintiff's claims are barred in whole or in part because Defendants acted in good faith and without knowledge of, or interfering with, Plaintiff's contract or prospective business relations.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of knowledge of prospective business relations)

Plaintiff's claims are barred, in whole or in part, because Defendants did not have knowledge of any of Plaintiff's prospective business relations, to the extent that any such relations even existed.

## SIXTH AFFIRMATIVE DEFENSE

### (*Respondeat Superior* is not a stand-alone cause of action)

*Respondeat Superior* is wholly barred because it is not a cognizable legal claim where, as in this case, Plaintiff fails to plead, and the claim is not premised on, any underlying torts. Accordingly, Plaintiff's claim for *respondeat superior* is barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Truth)

Any and all statements made by Defendants leading to the alleged actionable conduct are, and at all times were, truthful and accurate. Because no statements by Defendants were defamatory or otherwise tortious or wrongful, they cannot serve as the basis of any of Plaintiff's tortious interference or slander claims.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims for slander *per se* and slander *per quod* are time-barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff failed to mitigate any alleged damages and therefore is not entitled to damages he could have reasonably avoided.

### **TENTH AFFIRMATIVE DEFENSE**

### **(Lack of Malice)**

Any alleged statements by Defendants were made without malice, in that they were not known to be false, and Defendants did not act with reckless disregard as to the truth of the statements.

### **ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail as a matter of law for the reasons set forth in Defendants' Motion for Summary Judgment. (Dkt. 108).

Defendants reserve all affirmative defenses under Fed. R. Civ. P. 8(c) and any other defenses, at law or equity, that may now exist or in the future be available based on additional discovery and factual investigation in this case.

Date: October 31, 2016          Respectfully Submitted,

/s/ J. Douglas Baldridge
J. Douglas Baldridge
Danielle R. Foley
Katherine M. Wright
Venable LLP
575 7th Street, NW
Washington, D.C. 20004
Telephone: (202) 344-4703
Fax: (202) 344-8300
E-mail: jdbaldridge@venable.com
E-mail: drfoley@venable.com
E-mail: kmwright@venable.com

*Attorneys for Defendants Frank Bell, Andrea Swift, and Defendant/Counterclaimant Taylor Swift*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 31st day of October, 2016 a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which served the same on all counsel of record.

/s/ *J. Douglas Baldridge*
J. Douglas Baldridge