# EXHIBIT 7

Dated: October 19, 2012

This will confirm the agreement ("Agreement") made and entered into as of the 19th day of October, 2012 by and between David Mueller aka Jackson ("**Artist**") and **The Weiss Agency, Inc.("TWA")** in connection with TWA's representation of Artist in the fields of motion pictures, stage, radio broadcasting, television and other fields of entertainment ("Entertainment Market").

1. **Services**

   TWA shall be Artist's exclusive representative in all employment related activities with respect to Artist's services in Entertainment Markets. These services shall include employment searches, telephone conversations with Artist and management, negotiating Artist's agreement, dealing with any problems that arise under Artist's agreement(s) and assistance, review and consultation of potential opportunities in connection with Artist's services in Entertainment Markets. TWA will not make any binding engagements or other commitments on behalf of Artist without first informing Artist of the terms and conditions of such engagement or commitment.

2. **Term**

   The term of the Agreement shall be for a period for three (3) years from the date of this Agreement, October 19, 2012 until October 18, 2015, or for the full duration Artist renders services for a station, broadcast group owner, network, and syndicator or on a program for which TWA has rendered services for Artist, whichever is longer. The term shall automatically extend for additional consecutive 1 year periods unless either party notifies the other party, by certified mail, return receipt requested, no later than 90 days prior to the expiration of the term of its election to terminate this Agreement at the end of the then current term.

3. **Fees and Commissions**

   In consideration of the above services, Artist agrees to pay TWA, commissions in the amount of ten percent (10%) of Artist's gross compensation during each year of engagement in an Entertainment Market. Any extension, modification, substitution or renewal, whether written or oral, of an agreement entered into during the term in connection with Artist's services, or termination pursuant to paragraph 2, shall require continued payment of full commissions. Commissions shall also be due if, within six months after the termination of this Agreement, Artist enters into an agreement with any station, group owner, network, syndicator or programmer TWA has contacted on Artist's behalf within the last three months preceding such termination .



WEISS000088

Gross compensation shall be defined as the gross amount received by Artist before deductions, inclusive of any compensation received by Artist pursuant to any signing bonus or incentive clauses contained in Artist's agreements, royalties, revenue or profit shares, consulting fees, producer fees, voice tracking, or syndication fees. Commissions shall be computed on a yearly basis and shall be paid to TWA on a monthly basis. Commissions for incentive compensation shall be paid by Artist when earned. As long as TWA receives commissions from Artist, TWA shall be obligated to perform the obligations of this Agreement with respect to the services to Artist on which such commissions are based.

4. **Name and Likeness**

Artist agrees that TWA may use Artist's name and likeness in connection with TWA's Artist lists and other TWA business related activities.

5. **Exclusivity**

Artist hereby agrees that TWA services are not exclusive to Artist and that TWA may render similar services to other performers without such services constituting a violation of this Agreement.

6. **Travel**

Any travel expenses incurred by TWA in connection with the services to be rendered hereunder shall be approved by Artist prior to such travel and shall be reimbursed by Artist upon presentation by TWA of an invoice for such expenses.

7. **Arbitration**

Any dispute which cannot be settled amicably between Artist, on the one hand, and TWA or its officers, directors, employees, or other representatives, on the other hand, arising out of or in any way relating to this Agreement, including, without limitation, disputes relating to breach, termination or validity of this Agreement or any tort, statutory, or equitable claim relating to this Agreement, shall be settled by Arbitration before the American Arbitration Association ("AAA") in Los Angeles, California and shall be resolved by a single arbitrator in accordance with the then-current Commercial Dispute Resolution Procedures rules and regulations of the AAA. A reasonable notice of this dispute must be sent to the Labor Commissioner of the State of California of the time and place of all arbitration hearings and must provide that the California Labor Commissioner or his authorized representative has the right to attend all arbitration hearings. Upon the request of a party, made prior to the commencement of the hearing, the arbitrator's award shall include an explanation of the arbitrator's award. The arbitrator shall not award damages in the excess of the compensatory damages. The arbitrator shall award to the prevailing party all of that party's costs and attorneys' fees, including, without limitation, all pre-award expenses of the arbitration, such as arbitrator's fees, administrative fees, travel expenses, witness fees, copying charges and telephone expenses. Judgment upon any award rendered by the arbitrator may be entered in any court of competent jurisdiction. Neither a party nor the arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties.

WEISS000089

1. **Assignment**

This Agreement and the terms, covenants, conditions, provisions, obligations, undertakings, rights and benefits hereof, shall be binding upon, and shall inure to the benefit of the undersigned parties and their respective heirs, executors, administrators, representatives, successors and assigns.

2. **Miscellaneous**

a) This Agreement contains the entire understanding of the parties hereto relating to the subject matter herein contained, and this Agreement cannot be modified or terminated orally.

b) If any provision of this Agreement, as applied to any party or to any circumstance, shall be adjudged by an arbitrator or court to be void or unenforceable, the same shall in no way affect any other provision in any other circumstances, or the validity or enforceability of this Agreement.

c) A waiver by any party of any of the terms and conditions of this Agreement in any one instance shall not be deemed or construed to be a waiver of such term or condition for the future, or any subsequent breach thereof. All remedies, rights, undertakings, obligations and agreements contained in this Agreement shall be cumulative and none of them shall be in limitation of any other remedy, right, undertaking, obligation or agreement of any party.

d) The parties to this Agreement acknowledge that they have read the Agreement, have had an opportunity to consult with an attorney or others prior to signing this Agreement, and are not relying on any representation of another except as may be expressly stated in this Agreement. Each party accepts and agrees to all of the Agreement's terms and hereby executes this Agreement voluntarily with a full understanding of all of his or its rights and obligations.

e) This Agreement shall be governed and interpreted by California law.

g) We wish to advise you that The Weiss Agency may not engage in the practice of law and may not furnish legal services to you. Accordingly, we suggest that it is to your best interest to engage an attorney of your selection in those situations where it appears that legal advice is necessary.

If this accurately reflects your understanding of our agreement, please sign below and return both copies to me. I will then return two (2) fully executed copies to you for your files.

AGREED TO AND ACCEPTED BY:

Artist _____     Date  11/12/12

THE WEISS AGENCY

By: Eric R. Weiss                            Date

WEISS000090