# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01974-WJM-KLM

DAVID MUELLER

    Plaintiff

v.

TAYLOR SWIFT;
FRANK BELL;
ANDREA SWIFT a/k/a ANDREA FINLAY; and
JOHN DOES 1 - 5

    Defendants
_____

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF LORRAINE BAYARD DE VOLO
_____

Plaintiff David Mueller, through his counsel, M. Gabriel McFarland of Evans & McFarland, LLC, respectfully submits Plaintiff's Reply in Support of Motion to Exclude Testimony of Lorraine Bayard de Volo.

In response to Plaintiff's Motion to Exclude Testimony of Lorraine Bayard de Volo, Defendants devote significant effort to attempting to explain why Ms. Bayard de Volo's opinions—all to the effect that Plaintiff has characteristics consistent with those that motivate men to commit sexual assault—are admissible under Fed. R. Evid. 702 and 403. Defendants' position is fatally flawed, however. Even under their own theories, Ms. Bayard de Volo's opinions are not relevant and, thus, not admissible.

Expert testimony must, of course, be relevant. *E.g., Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003). Relevant evidence is evidence that has a tendency to make the existence of any fact of consequence to the determination of the action more

probable or less probable than it would be without the evidence. *E.g., Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1234 (10th Cir. 2005). Here, Ms. Bayard de Volo's opinions—all to the effect that Plaintiff has characteristics consistent with those that motivate men to commit sexual assault—do not make any fact of consequence more or less probable. . .because there are millions of men who worry about their jobs, or otherwise receive threats to their masculinity every day, who never sexually assault women. Within the group described by Ms. Bayard de Volo, there are far more men who have not inappropriately touched, and would never inappropriately touch, a woman. Thus, whether or not Plaintiff has some of the same characteristics that motivate some small percentage of men to commit sexual assault is meaningless.

Defendants fail to cite any case to the contrary, and the cases they do cite do not mandate a different result. For example:

- In *Robinson v. Jacksonville Shipyards, Inc.*, 760 F. Supp. 1486 (M.D. Fla. 1991), one of the plaintiff's experts, Ms. Wagner, was allowed to opine that sexually harassing conditions for female employees existed at the defendant's place of business. *Id.* at *1506.* Her conclusion rested on the presence of indicators of sexually harassing behaviors, including the presence of pictures of nude or partially nude women in and around the workplace. *Id.* A second expert, Dr. Fiske, was allowed to opine on sex stereotyping; he described the defendant's sex stereotyping as a situation of "sex role spillover," where the evaluation of women employees by their coworkers and supervisors takes place in terms of the sexuality of the women and their worth as sex objects rather than on their merit as

2

- craft workers. *Id.* at 1502-03. Neither expert offered testimony that the defendant sexually harassed the plaintiff because of job insecurities or threats to masculinity.

- Similarly, in *Butler v. Home Depot, Inc.*, 984 F. Supp. 1257 (N.D. Cal. 1997), Dr. Fiske was again allowed to testify about the role of gender stereotyping in the defendant's hiring, placement, and promotion patterns and the organizational means by which gender stereotyping may be controlled. *Id.* at 1264. Again, he did not offer the type of fundamentally different opinion Defendants seek to offer here, *viz.*, that Plaintiff has characteristics consistent with those that motivate men to sexually harass women.

- Likewise, in *United State v. Charley*, 189 F.3d 1251 (10th Cir. 1999), the court allowed expert testimony on the characteristics of sexually abused children and the characteristics present in the victim. *Id.* at 1264-65. This testimony is akin to Ms. Bayard de Volo's opinions as to why Ms. Swift delayed reporting the alleged assault, not the opinions Plaintiff seeks to strike here.

Expert opinions as to whether a person is stereotyping a protected class are very different from opinions as to whether a person is more likely than not to commit sexual harassment (or assault) based on the presence of certain characteristics.

Regardless of how the evidence is labeled, evidence that a person has characteristics consistent with those that motivate men to commit crime is not admissible. The most frequently cited example is the drug courier profile, which the

3

United States Supreme Court has defined as "a somewhat informal compilation of characteristics believed to be typical of persons unlawfully carrying narcotics." *Reid v. Georgia* 448 U.S. 438, 440 (1980). Such evidence is not admissible as probative of whether or not the profiled individual committed any specific act. *See Salcedo v. People*, 999 P.2d 833, 840 (Colo. 2000) ("In sum, [the expert witness's] drug courier profile was not helpful to the jury because it was inherently subjective, of dubious reliability, and logically irrelevant, and because its probative value was substantially outweighed by a risk of misleading the jury.").

Ms. Bayard de Volo's opinions that men who are worried about their jobs or receive threats to their masculinity are prone to committing sexual harassment or assault will not assist the trier of fact. Thus, those opinions should be stricken.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Exclude Testimony of Lorraine Bayard de Volo.

Dated this 19th day of June, 2017.

    Respectfully submitted,

    EVANS & MCFARLAND, LLC

    By: s/ M. Gabriel McFarland
        M. Gabriel McFarland
        Evans & McFarland, LLC
        910 13th St., #200
        Golden, CO 80401
        Telephone: 303.279.8300
        Facsimile: 303.277.1620
        Email: gmcfarland@emlawyers.com

    ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2017, *Plaintiff's Reply in Support of Motion to Exclude Testimony of Lorraine Bayard de Volo* was filed with the Clerk of Court using the CM/ECF system and the same served via email upon at least the following:

J. Douglas Baldridge (jbaldridge@venable.com)
Courtney A. Sullivan (casullivan@venable.com)
Katherine M. Wright (kmwright@venable.com)

s/M. Gabriel McFarland
M. Gabriel McFarland