IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:15-cv-01974-WJM-KLM

DAVID MUELLER

                Plaintiff,

v.

TAYLOR SWIFT; FRANK BELL; and
ANDREA SWIFT a/k/a ANDREA FINLAY

                Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE EXPERT REPORT, OPINIONS, AND TESTIMONY OF JEFFREY B. OPP

Defendants Andrea Swift, Frank Bell, and Taylor Swift and Counterclaimant Taylor Swift (collectively, "Defendants") respectfully submit their Reply in Support of their Motion to Exclude the Report, Opinions, and Testimony of Plaintiff / Counterclaim Defendant David Mueller's ("Plaintiff" or "Mueller") proposed expert witness Jeffrey B. Opp ("Mr. Opp").

Plaintiff has utterly failed to satisfy his burden of proving that Mr. Opp's report, opinions, and purported testimony are qualified and reliable. His entire Opposition amounts to an unavailing appeal to overlook the pervasive problems with Mr. Opp's opinions and allow the underlying fatal flaws to affect only the weight of Mr. Opp's testimony, rather than negate its admissibility. Plaintiff's pleas for admissibility are unavailing considering Mr. Opp's opinions (1) are based almost entirely on Plaintiff's unfounded "desires" and "hopes" of future employment, (2) rely on assumptions contradicted in the record, and (3) are littered with methodological mistakes and inaccuracies. Mr. Opp is not qualified to testify on matters specific to the radio industry and the inaccuracies, unsupported assumptions, and methodological flaws in

his lost profits calculations render his opinions unreliable. Allowing Mr. Opp to present his pervasively flawed opinions to a jury under the guise of "expert" testimony would be substantially prejudicial to Defendants and should not be permitted.

## I. MR. OPP EXCEEDS THE REASONABLE CONFINES OF HIS EXPERTISE IN ECONOMICS

An expert's qualification must be reviewed in each case to ensure he stays "within the reasonable confines" of his subject matter expertise. *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001). Testimony outside these reasonable confines renders a purported expert's testimony inadmissible. *Id.* at 969-70.

### A. Mr. Opp's Opinions Specific to the Radio Industry Should Be Excluded

Plaintiff puts much stock in the fact that Mr. Opp has experience in economics and lost profits analyses and that he has previously been admitted as an expert in other litigation. Dkt. 145 at 3. But Plaintiff's focus on Mr. Opp's history of being a paid expert in other cases misses the real issue: Mr. Opp must be qualified to offer the specific opinions he is offering *in this case*. "With respect to the qualification prong, it is not sufficient that the witness has qualified as an expert in the past." *Squires ex rel. Squires v. Goodwin*, 829 F. Supp. 2d. 1041, 1049 (D. Colo. 2011); *see also Paris v. Ford Motor Co.*, No. 05-cv-439, 2007 WL 4967217, at *5 (D.N.M. May 25, 2007) ("an expert must be qualified to opine regarding the specific issues raised in this case"). In *this* case Mr. Opp overreaches the reasonable confines of his expertise in economics.

Specifically, Mr. Opp's opinions go beyond his expertise in two ways. First, he opines on Plaintiff's ability to be hired in the radio industry, stating "Mr. Mueller has been unable to find any On-Air Talent positions in radio due to the issues surrounding the claims made against him."

2

Ex. 1,[1] Opp Rep. at 2. Second, he opines on Mueller's purported "value as an On-Air Talent." *Id.*; Ex. 3 at 31:13-21. Mr. Opp has no relevant experience for either of these opinions. There can be no debate about this as Mr. Opp himself admits he has no experience in the radio industry. Ex. 3 at 7:23-8:6; 9:1-10:2; 46:1-18; 53:13-24. He therefore has no basis for his statements about the value of Mueller as an on-air talent or his ability to be hired in the radio industry.

This is precisely why courts have required an economic expert, such as Mr. Opp, to have some other support for his opinions as to the specific industry in lost profit claims such as this. *See, e.g.*, *Ryskin v. Joy*, No. 09-cv-1864, 2010 WL 4873667, at *1 (D. Colo. Nov. 23, 2010) (excluding Mr. Opp's opinion on plaintiff's employability in the medical industry because such testimony was outside his expertise); *Rains v. BNSF*, No. 4:06-cv-858, 2009 WL 3459871, at *2 (N.D. Tex. Aug. 11, 2009) (excluding Mr. Opp's opinions regarding plaintiff's vocational prospects). It is also precisely why Mr. Opp's opinions have twice been previously excluded. *See id.* In an attempt to skirt the fact that Mr. Opp has no basis for these statements, Plaintiff asserts that they are merely "axiomatic" and therefore require no further support. *See* Dkt. 145 at 7. There is nothing "axiomatic" about these opinions. Tellingly, Plaintiff offers no support for this assertion.

Even more striking, recognizing that Mr. Opp's radio-specific opinions could only be provided by, or relied on from, a vocational expert, Plaintiff appears to attempt to qualify *himself* as an expert in on-air talent. Dkt. 145 at 2 ("At trial based on his intimate knowledge of the facts of this case and on his long history with and knowledge of the radio industry, Plaintiff will testify

---

[1] Exhibits 1-8 are attached to Defendants' opening Motion to Exclude the Expert Report, Opinions and Testimony of Jeffrey Opp, Dkt. 135. Exhibit 9 is attached hereto.

about the consequences of Defendants' wrongful conduct, including the termination of his contract by KYGO and his inability to procure other appropriate employment . . .."); *see also id.* at 6 ("it is reasonable for Mr. Opp to rely on Plaintiff's many years of radio industry experience in analyzing [his] lost income damages"). Plaintiff's *post hac* attempt to qualify *himself* as an expert in radio on-air personalities would circumvent the Federal Rules of Civil Procedure and is otherwise improper.

First, the deadline to designate affirmative experts in this case was July 28, 2016, over ten months ago. *See* Dkt. 93. Second, Plaintiff could never qualify as an expert regarding radio on-air personalities because, with the exception of the five month period he was employed at KYGO, Mueller has not worked as an on-air personality *in over ten years*. *See* Ex. 5. And third, Plaintiff's own self-serving and unsupported say-so about his employment prospects, in any event, is insufficient to support the assumptions underlying Mr. Opp's economic opinions. *See, e.g.*, *Benjamin v. Peter's Farm Condo. Owners Ass'n*, 820 F.2d 640, 643 (3d Cir. 1987) (finding reliance solely on plaintiff's personal beliefs insufficient to support lost profits analysis); *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 420 (7th Cir. 2005) (declining to allow plaintiff's internal projections to serve as the basis of a lost profits damages figure); *Ariens Co. v. Woods Equip. Co.*, No. 05-cv-139, 2006 WL 2597979, at *6-8 (E.D. Wis. Sept. 9, 2006) (same).

Quite plainly Mr. Opp exceeds the reasonable confines of his expertise, just as he did in prior cases excluding his testimony, by opining on the market value of on-air personalities and Mueller's ability to be rehired as an on-air personality, and he is thus not qualified, *in this case*, to testify about such matters.

### B. Mr. Opp's Legal Conclusions Should Be Excluded

As explained in Defendants' opening Motion, Mr. Opp inappropriately asserts legal conclusions regarding causation by applying the facts to the law and stating that Defendants' alleged actions are *the cause* of Plaintiff's alleged injury and *the cause* of Plaintiff's alleged inability to find subsequent employment. *See* Dkt. 135 at 6-7. Plaintiff's only retort is that, in his opinion, Mr. Opp did not make legal conclusions. *See* Dkt. 145 at 8-9.[2] His attempt to then distinguish *Spendrup v. Am. Family Mut. Ins. Co.*, where this Court previously excluded Mr. Opp from providing legal opinions, from Mr. Opp's statements here is puzzling. *See* No. 13-CV-513, 2014 U.S. Dist. LEXIS 21321, at *10-12 (D. Colo. Feb. 20, 2014). In *Spendrup*, the court recognized that an expert witness may not "state legal conclusions drawn by applying the law to the facts," and then excluded Mr. Opp's opinions that did just that." *Id.* at *9, 11-12 (citation omitted); *see also A.E. v. Indep. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991). Causation is a required (and disputed) legal element of Plaintiff's tortious interference claims. *See* Dkt. 137 at 23-28. Accordingly, any attempt by Mr. Opp to tell the jury that Defendants are *the cause* of Plaintiff's alleged harm, precisely what the court in *Sprendrup* would not allow, is inadmissible.

Mr. Opp's unfounded opinions about the radio industry and his assertion of legal conclusions exceed "the reasonable confines" of his expertise in economics. Mr. Opp is not qualified to offer such opinions and they should be excluded.

---

[2] Plaintiff does not address, and thus concedes, that the factual bases underlying Mr. Opp's legal conclusions are contradicted by facts in the record. *See* Dkt. 135 at 6-7 n.2; *Alfonso v. SSC Pueblo Belmont Operating Co.*, No. 11-cv-1186, 2012 WL 2863128, at *6 (D. Colo. July 11, 2012); *Misner v. Potter*, No. 2:07-cv-330, 2008 WL 410128, at *3 (D. Utah Feb. 12, 2008) ("Plaintif[f] concedes this point by his failure to address it in his opposition brief.")

5

## II. MR. OPP'S REPORT, OPINIONS, AND PURPORTED TESTIMONY ARE UNRELIABLE

Expert opinions must be based on sufficient facts or data, must be the product of reliable principles and methods, and an expert must reliably apply the principles and methods to the facts of the case. Fed. R. Evid. 702(b)-(d). "[A]ny step that renders the analysis unreliable . . . renders the expert's testimony inadmissible." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (citation omitted).

### A. Mr. Opp's Opinions Are Based on Assumptions Contradicted by the Record and Unsupported Speculation and Are Therefore Inadmissible

Defendants argued extensively in their opening brief that Mr. Opp should not be allowed to testify because his opinions are based on rank speculation and assumptions contradicted in the record. Plaintiff's only response is that Mr. Opp's "shaky" evidence is subject to vigorous cross-examination and therefore should not be excluded. Dkt. 145 at 9.[3] Plaintiff is wrong.

An expert cannot base his opinion on assumptions that have no foundation in the evidentiary record or are based purely on a plaintiff's own speculation. *Elcock v. Kmart Corp.*, 233 F. 3d 734, 754-56 (3d Cir. 2000); *Squires*, 829 F. Supp. 2d. at 1053-54 ("to satisfy the strictures of *Daubert*, an expert may not base his or her testimony upon assumptions that are not supported by the evidence"). This is particularly true in cases like this where a plaintiff seeks alleged future lost profits. *See First Sav. Bank, F.S.B. v U.S. Bancorp*, 117 F. Supp. 2d 1078, 1083-85 (D. Kan. 2000) (citing cases); *Fail-Safe, LLC v. A.O. Smith Corp.*, 744 F. Supp. 2d 870, 887-93 (E.D. Wis. 2010) ("Such speculation does not an expert opinion make."); *Lloyd v. Patel*,

---

[3] Plaintiff flippant dismissal of Defendants' careful explanation and citation of record facts on this point cannot go ignored. *See* Dkt. 145 at 9 ("Even if Defendants' characterization of those facts were accurate, which it is not, that would not justify the exclusion of Mr. Opp from trial."). Plaintiff provides no citation to the record (because there is none) to support his denial of the facts Defendants presented.

No. 2010-cv-193, 2011 Colo. Dist. LEXIS 648, at *1-2 (Mar. 29, 2011) (excluding Mr. Opp's future lost income testimony due to its "speculative" nature). Despite this clear case law, and the many cases cited in Defendants' opening Motion, Mr. Opp has done just that.

As Defendants previously explained, Mr. Opp based his future economic loss calculations on an assumed future work-life expectancy of approximately 6.5 to 11.5 years. Ex. 1, Opp Rep. at 4. The basis for this work-life expectancy was obtained *solely* from Plaintiff's "desire" that KYGO be "his last job in radio before retiring or moving on to some other pursuit" and that Plaintiff "intended to work for KYGO for between ten and 15 years before leaving radio." *Id.* Plaintiff does not specifically address any of Defendants' cases that find that a plaintiff's personal hope of future employment is not enough to support recovery of future lost profits or an expert's calculation of them. *See* Dkt. 135 at 9-11. This principle applies with even more force here where it is undisputed that Plaintiff had a two year contract with KYGO, with an additional option year electable *solely* at the discretion of KYGO and Plaintiff had never held a job as an on-air radio personality longer than four years (with most of his on-air stints lasting one to two years). *See* Ex. 5; Ex. 6 at SWIFT_0000004.

Plaintiff's only attempt to refute Defendants' contention that his projected future employment at KYGO was based on nothing but his mere "hope" or "desire" is an unsupported statement, without any citation to the record, that "Plaintiff's radio show was popular and well supported by sponsors." Dkt. 145 at 10. The record reveals the exact opposite—Mueller's direct supervisor at KYGO testified that Plaintiff's show was not doing well at the time he was terminated. *See* July 14, 2016 Deposition of Hershel Coomer P/K/A Eddie Haskell at 38:4-13 ("Q. As of June 2, 2013, how was [Mueller's] morning show doing? A. Not well.") (Ex. 9).

Plaintiff is thus left with nothing more than his own unsupported speculation and hope of continued employment well past his contract term to support Mr. Opp's lost profits opinions. Such unsupported assumptions are insufficient as a matter of law. *See* Dkt. 135 at 8-11.

### B.  Mr. Opp's Opinions Are Also Methodologically Flawed and Unreliable

Expert testimony lacks the required level of reliability when it departs from the "intellectual rigor that characterize the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Lovato v. Burlington N. & Santa Fe Ry. Co.*, No. 00-CV-2584, 2002 WL 1424599, at *11 (D. Colo. June 24, 2002).  Plaintiff downplays the pervasive errors and methodological flaws in Mr. Opp's report as "minor inconsistencies or errors in calculations" that do not render his report "fundamentally flawed."  Dkt. 145 at 11. Plaintiff's characterization is unpersuasive.

Defendants identified five glaring methodological errors in Mr. Opp's report, including that his calculations were inflated across the board by 10% because he was unaware that Mueller's agent received 10% of all of Mueller's earnings, he inconsistently applied discount rates to different variables in his analysis, and he applied incorrect annualization calculations to a number of his estimates.  Dkt. 135 at 12-13.  Strikingly, Plaintiff did not refute any of the errors identified by Defendants.

These methodological infirmities, and those more fully identified in Defendants' opening Motion, are pervasive and by no means a complete catalog of the methodological problems in Mr. Opp's report.  It is unfathomable that Mr. Opp could honestly say that he employed the "intellectual rigor that characterize[s] the practice of an expert in" economics in his lost profits analysis for this case.  *See Kumho Tire*, 526 U.S. at 152.  Perhaps that is why there is no such

8

statement anywhere in Mr. Opp's report, in his deposition, or in Plaintiff's Opposition. Because Mr. Opp's opinions are fundamentally methodologically flawed, his opinions, report, and purported testimony are unreliable and should be excluded.

### III.  MR. OPP'S TESTIMONY IS ALSO INADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 403

To be clear, given the numerous flaws in Mr. Opp's report and opinions, his unsupported and contrary-to-record-evidence assumptions, and pervasive methodological mistakes, allowing Mr. Opp to testify with the Court's "expert" stamp of approval would severely prejudice Defendants. *See* Dkt. 135 at 13-14. That prejudice substantially outweighs any probative value Mr. Opp's flawed opinions could provide to the jury. *See* Fed. R. Evid. 403. It is well-established that the authority imputed to purported experts can be misleading to a jury, especially when the expert's opinion is rife with underlying problems and irregularities. This is precisely why courts have excluded such flawed expert opinions under Rule 403:

> Given the realities of litigation, the opinion of a witness impressed by the court with the label of "expert" may carry a great deal of weight with a lay jury, particularly in matters as complex as lost future earnings assessments. Permitting such a witness to offer an opinion unsupported by a sufficient factual foundation would significantly increase the risk of misleading the jury and confusing the issues, the very dangers against which Rule 403 defends.

*Elcock*, 233 F.3d at 756 n.13; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993) ("Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it."); *Fail-Safe*, 744 F. Supp. 2d at 900 ("Given the fundamental problems with the testimony of [plaintiff's experts], and the obvious danger of putting unrealistic damage figures before the jury, the introduction of such evidence could easily confuse the jury and result in a decision that is contrary to applicable law."). This is not simply a matter of the weight to which

9

the jury should give Mr. Opp's testimony, it eviscerates the fundamental reliability of his opinions. It is for this reason that the argument advanced throughout Plaintiff's Opposition, that any problems with Mr. Opp's report and opinions go only to weight, is also misguided. *See* Dkt. 145 at 4-5, 9, 11, 12, 13. Providing flawed, inflated, and misleading lost profits figures to the jury would substantially prejudice Defendants' and Mr. Opp's opinions and purported testimony should therefore also be excluded under Rule 403.

### IV.  CONCLUSION

For the reasons stated herein and in Defendants' Motion, Defendants respectfully request that the Court exclude the purported testimony of Plaintiff's expert Jeffrey B. Opp and not allow Mr. Opp to testify at trial.

June 22, 2017                                                    Respectfully Submitted,

/s/ *J. Douglas Baldridge*
J. Douglas Baldridge
Danielle R. Foley
Katherine M. Wright
Venable LLP
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4000
FAX: (202) 344-8300
E-mail: jdbaldridge@venable.com
E-mail: drfoley@venable.com
E-mail: kmwright@venable.com

*Attorneys for Defendants Frank Bell, Andrea Swift, and Taylor Swift, and Counterclaimant Taylor Swift*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on June 22, 2017 a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system and served on all counsel of record.

/s/ *J. Douglas Baldridge*
J. Douglas Baldridge
