UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01974-WJM-KLM

DAVID MUELLER

    Plaintiff

v.

TAYLOR SWIFT;
FRANK BELL;
ANDREA SWIFT a/k/a ANDREA FINLAY; and
JOHN DOES 1 - 5

    Defendants
_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
FOR SANCTIONS**
_____

    Plaintiff David Mueller, through his counsel, M. Gabriel McFarland of Evans & McFarland, LLC, respectfully submits Plaintiff's Response in Opposition to Defendants' Motion for Sanctions [Doc. 139].

    On September 30, 2016, Defendants filed a motion for summary judgment [Doc. 108]. In that motion, Defendants argued that the Court should sanction Plaintiff by drawing an adverse inference against Plaintiff for spoliation of evidence, more specifically "five devices" purportedly containing information relevant to Plaintiff's claims. Motion at 13. Defendants also submitted the evidence that they believed supported their request. Motion at 4 at ¶9 and fn. 3.

    On May 31, 2017, this Court ruled on Defendants motion for summary judgment [Doc. 137]. In the Court's order, the Court discussed Defendant's request for

an adverse inference. As pertinent here, the Court found Plaintiff may have been negligent but did not act in bad faith:

> The record before the Court–specifically, Mueller's testimony— reflects that the unedited audio files became unavailable because water or coffee spilled on Mueller's laptop (see ECF No. 108-5 at 22, 53-54), and because an external drive on which he might have had backup copies was lost or misplaced 'maybe a year' after he was terminated, and before this suit was filed (see id. at 24). These facts reflect a too-common cautionary tale about file security, and perhaps negligence, but they do not, at least on the record presently before the Court, reflect bad faith. The law does not permit the Court to draw conclusions about disputed facts bearing on the merits of an action as the result of spilled coffee. See *Turner*, 563 F.3d at 1149. Defendants' request for an adverse inference is therefor rejected and the Court reviews the evidentiary record under the usual summary judgment standard.

Order at 9-10.

Now, in their motion for sanctions, Defendants seek essentially the same adverse inference based on the loss or destruction of the same five device based on essentially the same evidence. The motion should be denied consistent with the Court's prior findings – the facts reflect perhaps negligence, but they do not reflect bad faith.

Defendant's motion for sanctions, like its summary judgment motion, focuses on the audio recording from Plaintiff's June 3, 2013 meeting with KYGO personal,

2

which were on Plaintiff's laptop [Laptop 2] and which may have been on an external drive. But, it also references Laptop 1 (used from late 2012 to the Spring of 2013), and ipad (used from early 2013 to 2015), and a cell phone (used from 2010/2011 to December 2015). The loss or destruction of those devices does not warrant an adverse inference instruction.

Defendants do not even allege that Laptop 1 or Plaintiff's ipad contained the audio recording or any information pertinent to this lawsuit. And, at the time Plaintiff discarded his cell phone, the audio recording had been transferred to Laptop 2 due to the cell phone's storage limitations. Moreover, to the extent Defendants believe pertinent e-mail or text messages were contained on any of these devices, those messages were (and perhaps are) available via the Plaintiff's service provider and/or the other person or persons involved in the e-mail or text communication with Plaintiff.

Further, Defendants have also lost or discarded potentially important information.[1] During discovery, Plaintiff requested that Defendants "Produce the ten photographs taken before and the ten photographs taken after the" photograph of Plaintiff, his girlfriend, and Ms. Swift on the day of the concert. Plaintiff's first set of written discovery requests at Request for Production of Documents No. 10. In response, Defendants produced photographs take after the photograph of Plaintiff, his girlfriend, and Ms. Swift; but, they did not produce any photographs taken before the

---

[1] This is not to suggest that the loss or destruction of the audio recording is excused by Defendants' loss or destruction of other evidence. Plaintiff's counsel is equally dismayed that the audio recording and before photographs are not available; he takes the duty to preserve evidence seriously, and knows that defense counsel does too. Plaintiff's counsel has never had or listened any audio recording other than those portions that have been produced, and will gladly field any further questions the Court may have regarding the same in camera and *ex parte*.

3

photograph of Plaintiff. According to Defendants' counsel, somehow the before photographs were deleted and not retrievable. Potentially, those before photographs could have absolved Plaintiff from the terrible assault allegation leveled against him, a fact Ms. Swift's professional management team, at least one of whom is also a lawyer, knew from the date the allegation was made.

WHEREFORE, Plaintiff respectfully requests that the Court deny Plaintiff's motion for sanctions.

Dated this 22nd day of June, 2017.

Respectfully submitted,

EVANS & MCFARLAND, LLC

By: s/ M. Gabriel McFarland
    M. Gabriel McFarland
    Evans & McFarland, LLC
    910 13th St., #200
    Golden, CO 80401
    Telephone: 303.279.8300
    Facsimile: 303.277.1620
    Email: gmcfarland@emlawyers.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 22, 2016, the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS** was filed with the Clerk of Court using the CM/ECF system and the same served via e-mail upon at least the following:

      J. Douglas Baldridge (jbaldridge@venable.com)
      Daniel R. Foley (drfoley@Venable.com)
      Katherine M. Wright (kmwright@venable.com)

                                                      s/M. Gabriel McFarland
                                                      M. Gabriel McFarland