UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01974-WJM-KLM

DAVID MUELLER

    Plaintiff

v.

TAYLOR SWIFT;
FRANK BELL;
ANDREA SWIFT a/k/a ANDREA FINLAY; and
JOHN DOES 1 - 5

    Defendants

---

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION *IN LIMINE* [DOC. 154]**

---

Plaintiff David Mueller, through his counsel, M. Gabriel McFarland of Evans & McFarland, LLC, respectfully submits Plaintiff's Response in Opposition to Defendants' Motion *in Limine*.

### I.    INTRODUCTION

This Court has provided the parties guidance on the utility of motions *in limine* to address "difficult or unusual evidentiary issues" that are not "evidence-driven and/or depend[ent] for their resolution upon the context in which the evidence is offered." Hon. William J. Martinez Practice Standards at 8. Nonetheless, Defendants here employ their Motion *in Limine* largely to rehash the arguments already submitted in their Motion to Exclude the Expert Report, Opinions, and Testimony of Jeffrey B. Opp [DOC. 135]. As discussed at length in Plaintiff's response to that motion, Defendants have failed to justify the exclusion of testimony regarding Plaintiff's future damages,

and the objections they raised in their Motion to Exclude expert testimony should be addressed by specific appropriate objections at trial and through cross-examination. Likewise, Plaintiff's own testimony about his future damages, including those based on his experience in and knowledge of the radio industry, should not be subject to peremptory exclusion; the admissibility of any particular line of testimony can be more fairly and accurately assessed by the Court at trial.

Just like their Motion to Exclude, Defendants' Motion *in Limine* is a blatantly overreaching attempt to deprive Plaintiff of the ability to fairly prosecute his claims, including establishing his damages, and should be denied.

## II.     DISCUSSION

A motion *in limine* serves "to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion in limine." *Ashike v. Mullen Crane and Transport, Inc.*, No. 2:12CV11DAK, 2014 WL 3640735, at *6 (D. Utah July 23, 2014) (internal quotation marks and citation omitted). The moving party has the burden of establishing "that the evidence is **inadmissible on any relevant ground**," and the motion may be denied for lack of specificity. *Hardesty v. Severson*, 242 B.R. 712, 714 (D. Kan. 1999) (emphasis added).

Just as with blanket motions to preclude expert testimony, such as that already filed by Defendants, the presumption here is that "The trial judge is almost always better situated during the actual trial to assess the value and utility of evidence. For this reason, some courts defer making in limine rulings unless the 'evidence is clearly inadmissible on all potential grounds.'" *Crawford v. United States*, No. 11-CV-666-

2

JED-PJC, 2013 WL 249360, at *2 (N.D. Okla. Jan. 23, 2013), citing *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F. Supp. 1398, 1400 (N.D. Ill.1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."); *accord, Asbury v. MNT, Inc.*, Civ. No. 12-252 KG/RHS, 2013 WL 12143046 at *1 (D.N. Mex. December 19, 2013); *White Elec. Servs., Inc. v. Franke Food Serv. Sys., Inc.*, No. 09-CV-504-CVE-PJC, 2010 WL 3824117, at *2 (N.D. Okla. Sept. 27, 2010) (denying motion *in limine* to preclude expert's opinion as too speculative).

      The wisdom of this presumption is apparent from a review of the Defendants' demand here. Defendants' primary argument is identical to that raised in their Motion to Exclude, *viz.*, that Plaintiff's continued employment beyond the term of his contract with KYGO, which was directly interrupted by Defendants' wrongful conduct, is too speculative to justify an award of future lost income. Once again, Defendants' casting of Plaintiff's future with KYGO as a mere "hope" or "desire" ignores the fundamental facts that Plaintiff's radio show was popular and well supported by sponsors and that KYGO is in the business of making money. Plaintiff is certainly capable of testifying to these facts and to the circumstances under which such contracts are usually extended. Likewise, Plaintiff is entitled to testify about potential public appearances and other business opportunities he intended to pursue, based on his own knowledge; Defendants' complaint that these opportunities are "mere speculation" goes to their weight, not to their admissibility.

If Plaintiff were to attempt to testify without a proper foundation, or to repeat hearsay statements, or to undertake any other objectionable approach in his testimony, the Court is certainly capable of ruling on a well stated objection from Defendants. And, to the extent the Court finds Plaintiff's testimony admissible, the jury is certainly capable of giving his statements the weight they deserve.

The case Defendants cite as "instructive" for their purposes is inapposite. In *DB Med., Inc. v. The Sorin Grp., S.p.A.*, No. 07-CV-00350-REB-CBS, 2008 WL 10580039 (D. Colo. June 11, 2008), the court was ruling on a summary judgment motion, not a motion *in limine*, and found that the plaintiffs in that case had not established that there was a triable issue of fact as to their claim for future damages. *Id.* at *7. This Court made no such determination in denying Defendants' summary judgment motion as to Plaintiff's intentional interference claims. Should Plaintiff prevail on those claims, he will be entitled to future lost income as a portion of his damages. *E.g., Westfield Development Co. v. Rifle Investment Associates*, 786 P.2d 1112, 1120 (Colo. 1990) (damages for intentional interference include "(a) the pecuniary loss of the benefits of the contract or the prospective relation; (b) consequential losses for which the interference is a legal cause; and (c) emotional distress or actual harm to reputation, if they are reasonably to be expected to result from the interference."). The Court should not preclude Plaintiff from pursuing these damages based on the mere assertion by Defendants that he will not be able to prove them.

According to Defendants' position, no plaintiff should be allowed to submit evidence on future lost income, which is inherently speculative to some degree by

4

virtue of its relation to the **future**. As Magistrate Judge Hegarty articulately opined in denying a similar preclusive motion *in limine*:

> Defendants have filed a motion seeking to bar Plaintiff from introducing at trial evidence concerning future wage loss. . .The Colorado Supreme Court, in *Denny Constr., Inc. v. City & Cnty. of Denver ex rel. Bd. of Water Comm'rs,* 199 P.3d 742 (Colo.2009) (en banc) stated:
>
> There are uncertainties inherent in any estimation of future damages; however, this fact generally should not prevent a plaintiff from presenting such an estimate-based on competent evidence and reasonable inferences therefrom-and having its estimate evaluated by the trier of fact.... *See Pomeranz v. McDonald's Corp.,* 843 P.2d 1378, 1383 (Colo.1993) ] ("The rule of certainty only requires that, together with the fact of damage, the plaintiff submit substantial evidence, which together with reasonable inferences to be drawn therefrom provides a reasonable basis for computation of the damage.") (citation omitted); *see also Acoustic Marketing,* 198 P.3d at 99, (same).
>
> *Id.* at 749; *see also Harris Group, Inc. v. Robinson,* 209 P .3d 1188, 1201 (Colo.App.2009) (future damages are "within the sole province of the jury" and do not require mathematical certainty, but rather substantial evidence which, when combined with reasonable inferences, provide a reasonable foundation for such damages). The Court believes that Defendants' arguments concerning Plaintiff's subsequent job history goes to weight and impeachment, but not admissibility.

*Ryskin v. Banner Health, Inc.*, No. 09-CV-01864-MEH-KMT, 2010 WL 4873671, at *1 (D. Colo. Nov. 23, 2010).

Finally, on the subject of "mere speculation," Defendants' assertion that Plaintiff will attempt at trial to qualify himself as an expert in the radio industry is pure unfounded conjecture. Like any other witness, Plaintiff can testify from his own experience and knowledge, and the jury can decide what weight to give that testimony.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion *In Limine*.

Dated this 29th day of June, 2017.

          Respectfully submitted,

          EVANS & MCFARLAND, LLC

          By: s/ M. Gabriel McFarland
          M. Gabriel McFarland
          Evans & McFarland, LLC
          910 13th St., #200
          Golden, CO 80401
          Telephone: 303.279.8300
          Facsimile: 303.277.1620
          Email: gmcfarland@emlawyers.com

          ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2017, **PLAINTIFF'S RESPONSE IN PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* [DOC. 154]** was filed with the Clerk of Court using the CM/ECF system and the same served via email upon at least the following:

    J. Douglas Baldridge (jbaldridge@venable.com)
    Danielle Foley (drfoley@venable.com )
    Katherine M. Wright (kmwright@venable.com)

          s/Gina Bowermaster
          Gina Bowermaster