

Michael E. Dash, Jr.
Vice President, Deputy General Counsel
610.660.5602 (direct)
610.999.1754 (cell)
610.660.5662 (e-fax)
michael.dash@entercom.com

July 14, 2017

**VIA ELECTRONIC DELIVERY**

The Honorable William J. Martínez
United States District Judge
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
Chambers A841
901 19th Street
Denver, Colorado 80294-3589
martinez_chambers@cod.uscourts.gov

**RE:  David Mueller v. Taylor Swift et al. (Civ. A. No. 1:15-cv-1974-WJM-KLM)**
**Privilege Issue Related to KYGO Investigation and Discharge of Plaintiff**

Dear Judge Martínez:

I am the Deputy General Counsel for Entercom Communications Corp. ("**Entercom**"). Entercom is not a party to the above-captioned matter. I understand, however, that the Court is conducting a final trial preparation conference in this matter next Friday, July 21, 2017 that might impact Entercom's interests. I, therefore, am writing:

> 1. to raise a privilege issue with the Court; and
>
> 2. to request the opportunity to appear telephonically during that conference to address the manner in which the privilege may be preserved during the trial.

An indirect, wholly-owned subsidiary of Entercom is the holder of the attorney-client privilege and attorney work product doctrine (collectively, the "**Privilege**") with respect to the investigation conducted by radio station KYGO-FM into the alleged incident between David

The Honorable William J. Martínez
July 14, 2017
Page 2

Mueller and Taylor Swift in June 2013.[1/] That investigation was conducted by and in consultation with both in-house and outside counsel for KYGO-FM. After that investigation, Mr. Mueller was discharged. His discharge and the circumstances that led to it are two of the principal subjects of this case before the Court.

During discovery in this matter, counsel for Plaintiff conducted the depositions of two KYGO employees who were involved in the investigation, Robert Call and Hershel Coomer (p/k/a "Eddie Haskell"). During those depositions, I asserted the Privilege on several occasions when I believed Plaintiff's counsel sought information covered by it. As was his right, counsel for Mr. Mueller did not structure his questions in a manner intended to avoid eliciting privileged information, e.g., prefacing questions with phrases like "other than information you learned from counsel …." Counsel for Mr. Mueller also asked Mr. Call and Mr. Coomer whether they intended to follow my instructions not to provide privileged information in their responses. That is, Entercom had to affirmatively assert and police the Privilege during discovery.

I expect that many of the same subjects raised during discovery will be issues at trial. Entercom does not intend to waive the Privilege at trial.

Accordingly, I respectfully request that the Court allow Entercom to be heard at the July 21, 2017 conference on how Entercom may continue to protect the Privilege at trial – and do so in the manner least disruptive to the Court and the parties.

I also respectfully request that I be permitted to appear telephonically at the trial preparation conference, as I am located at Entercom's headquarters in Philadelphia. I am prepared to attend the conference in person if the Court prefers, however.

---

[1/]  At the time of the June 2013 incident, KYGO-FM was owned by Lincoln Financial Media Company of Colorado ("**LFM Denver**"). In July 2015, Entercom purchased all of the stock of LFM Denver's parent corporation, Lincoln Financial Media Company ("**LFM**"). On the closing of the Entercom – LFM transaction: (a) LFM was converted to a limited liability company and renamed Entercom Abe Holdings, LLC ("**Entercom Abe**"); and (b) LFM Denver was converted to a limited liability company and renamed Entercom Denver II, LLC ("**Entercom Denver**"). Thus, Entercom Abe and Entercom Denver are LFM and LFM Denver, respectively. Both now are indirect, wholly-owned subsidiaries of Entercom.

Also in July 2015, Entercom sold certain assets related to the station at issue, KYGO, to Bonneville International Corporation ("**Bonneville**"). Mr. Call and Mr. Haskell became employees of Bonneville as a result. While Bonneville may have concerns regarding privileged communications that have occurred after July 2015, Bonneville is not the holder of the Privilege for communications that occurred prior to that date, including specifically, as part of KYGO-FM's investigation into the June 2013 incident.

The Honorable William J. Martínez
July 14, 2017
Page 3

Entercom is not seeking permission to appear telephonically during the trial itself.  Entercom would be prepared to have counsel physically present at the trial, if necessary to assert the Privilege.

Thank you for your consideration of this matter.

Please let me know if you would like Entercom to submit this request in another fashion, e.g., a formal motion.

                    Respectfully submitted,

                    Michael E. Dash, Jr.

cc:   M. Gabriel McFarland, Counsel for Plaintiff
      J. Douglas Baldridge, Counsel for Defendants
      Michael Dowdle, General Counsel for Bonneville International Corporation

      (all via electronic delivery)