IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-1974-WJM-KLM

DAVID MUELLER,

    Plaintiff,

v.

TAYLOR SWIFT,

    Defendant and CounterClaimant,

and

FRANK BELL, and
ANDREA SWIFT a/k/a Andrea Finlay,

    Defendants.

## ORDER GRANTING IN PART DEFENDANTS' MOTION *IN LIMINE*

In this tort action pending under the Court's diversity jurisdiction, 28 U.S.C. § 1332, Plaintiff pursues claims against all Defendants for tortious interference with his employment contract and with related business expectancies, while Defendant-CounterClaimant Taylor Swift ("Swift") pursues counterclaims for the torts of assault and battery. Now before the Court is Defendants' Motion *In Limine* (ECF No. 154 (Defendants' "Motion").)

The Court has set out the factual background of this case and the parties' claims in some detail in prior orders, and familiarity with that background is presumed. (*See* ECF Nos. 137, 190.) For the reasons explained below, Defendants' Motion is granted in part.

### I.  PLAINTIFF'S TESTIMONY REGARDING FUTURE LOST PROFITS

Defendants first move to exclude Plaintiff's own testimony "about earnings after the expiration of his contract," or more generally regarding his claims of future lost profits, claimed as damages arising from his claims for tortious interference with his employment contract and with related business expectancies.  (*See* ECF No. 154 at 1–8.)

"Under Colorado law, a plaintiff may recover damages for intentional interference with contract, but only if the injuries are reasonably to be expected to result from the interference."  *Jones v. Wells Fargo Bank, N.A.*, 2014 WL 3906297, at *1 (D. Colo. Aug. 7, 2014) (citing, *inter* alia, *Westfield Dev. Co. v. Rifle Inv. Associates*, 786 P.2d 1112, 1121 (Colo.1990)).  "To recover damages, a plaintiff must show an injury and produce evidence sufficient to permit a reasonable estimation of damages."  *Id.* (citing *Hauser v. Rose Health Care Sys.*, 857 P.2d 524, 531 (Colo.App.1993)).

Generally, "lost profits are recoverable only if they can be proven with reasonable certainty."  *Denny Const., Inc. v. City & Cty. of Denver ex rel. Bd. of Water Comm'rs*, 199 P.3d 742, 746 (Colo. 2009).  "[A]" plaintiff seeking future damages must provide the trier of fact with '(1) proof of the fact that damages will accrue in the future, and (2) sufficient admissible evidence which would enable the trier of fact to compute a fair approximation of the loss.'"  *Id.* (quoting *Pomeranz v. McDonald's Corp.*, 843 P.2d 1378, 1381-82 (Colo.1993)).

Here, Defendants argue that Plaintiff "should be excluded from testifying about potential opportunities for recovery outside the terms of his [employment] contract,"

because, Defendants argue, Plaintiff's own testimony on these issues is too speculative to meet the minimum standard for recovering lost future profits under controlling case law, including *Denny Construction*. Defendants further argue that Plaintiff's supporting testimony regarding his claims for loss of specific business opportunities is predicated on inadmissible hearsay.

As to the Plaintiff's testimony to support his claims for damages in general, the Court concludes that Defendants' argument goes to the weight or sufficiency of Plaintiff's testimony as evidence supporting his claims, but does not make it inadmissible. For the most part, the cases cited by Defendants have addressed the sufficiency of particular evidence submitted and considered, not the admissibility of that evidence. *See, e.g., SolidFX, LLC v. Jeppesen Sanderson, Inc.,* 2014 WL 2891575, at *4 (D. Colo. June 26, 2014) (granting in part motion for judgment as a matter of law), *rev'd in part*, 841 F.3d 827 (10th Cir. 2016); *Jones v. Wells Fargo Bank, N.A.*, 2014 WL 3906297, at *1 (D. Colo. Aug. 7, 2014) (denying default judgment for lack of sufficient evidence); *JDB Med., Inc. v. The Sorin Grp., S.p.A.*, 2008 WL 10580039, at *8 (D. Colo. June 11, 2008) (granting summary judgment in part); *Master Palletizer Sys., Inc. v. T.S. Ragsdale Co.*, 725 F. Supp. 1525, 1535 (D. Colo. 1989) (entering findings of fact and judgment following bench trial); *Denny Construction*, 99 P.3d at 751 (reversing jury verdict); *W. Cities Broad., Inc. v. Schueller*, 849 P.2d 44, 45 (Colo. 1993) (affirming jury verdict); *Wojtowicz v. Greeley Anesthesia Servs., P.C.,* 961 P.2d 520, 522 (Colo. App. 1997) (reversing in part declaratory judgment). None of these authorities stand for the proposition that evidence regarding future damages is inadmissible simply because it is

weak. Defendants also cite *Underground Vaults & Storage v. Cintas Corp.*, 2013 WL 6150764, at *3 (D. Kan. Nov. 22, 2013), but there the district court excluded proposed expert opinion testimony as insufficiently reliable under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Since Plaintiff has not been endorsed as an expert witness, *Underground Vaults* does not call for excluding his testimony.

In short, the Court concludes that Defendants' argument, as well as all of their cited authorities, bear on the sufficiency of Plaintiff's evidence to support his claims, but not on its admissibility. *Accord Ryskin v. Banner Health, Inc.*, 2010 WL 4873671, at *1 (D. Colo. Nov. 23, 2010) ("Defendants' arguments concerning Plaintiff's subsequent job history goes to weight and impeachment, but not admissibility.") However, a motion *in limine* "shall not be a veiled motion for summary judgment." WJM Revised Practice Standards III.F.2. It is too late for Defendants to move for summary judgment on this issue, and too early to move for judgment as a matter of law. (ECF No. 62 at 13; *see generally* Fed. R. Civ. P. 56 & 50(a)(1).)

Accordingly, Defendants' Motion is DENIED to the extent it seeks a blanket pretrial order excluding all of Plaintiff's testimony regarding future lost profits or lost business opportunities.

However, Defendants' Motion also raises a separate and more discrete evidentiary objection as to specific statements that Plaintiff reported other unidentified persons made to him, to the effect that Plaintiff had been promised specific opportunities for future promotional appearances while he was an on-air radio

personality (*e.g.*, at a water park, a tire center, and a barbeque restaurant).  (*See* ECF No. 154 at 7.)  Plaintiff claims these opportunities were lost as a result of Defendants' conduct, supporting his claims for damages for tortious interference with business opportunities.  The Court agrees with Defendants that Plaintiff's deposition testimony on these points, as quoted in Defendants' Motion (*id.*) constitutes inadmissible hearsay. Accordingly, Defendants' Motion is GRANTED to the extent that Plaintiff cannot offer equivalent testimony at trial. Of course, the Court's Order on this point is not self-executing and Defendants still must still raise contemporaneous objections if Plaintiff attempts to offer similar hearsay testimony at trial.  *See generally* Fed. R. Evid. 103(a), 801(c), 802.

## II.  LIMITING IMPROPER EXPERT TESTIMONY

Defendants next argue that they "anticipate Plaintiff will attempt to provide testimony akin to expert or lay testimony on the radio industry, and on-air talent in particular, including hiring patterns and the effect of terminations," and that he should be precluded from offering an expert opinion under Rule 702, or a lay opinion under Rule 701, because he "is not qualified" to do so.  (ECF No. 154 at 8.)

It is frequently true that "the dividing line between lay and expert testimony is not entirely clear."  *SolidFX, LLC v. Jeppesen Sanderson, Inc.*, 2014 WL 983507, at *2 (D. Colo. Mar. 13, 2014).  However, Defendants' Motion on this point does not seek relief which can be granted before trial, or separate and apart from simply asking the Court to enforce the Federal Rules of Evidence and controlling authorities regarding the admissibility of expert and lay testimony at trial.  The cases cited by Defendants as to

the necessity of expert testimony regarding industry standards or practices arose in contexts where such testimony was used or required to prove a relevant standard of care, and they do not support a pre-trial order excluding any portion of Plaintiff's testimony in the circumstances here.  (*See* ECF No. 154 at 8.)  Plaintiff has not been disclosed or endorsed as an expert witness, and will not be permitted to offer expert opinions or other testimony that is admissible only under Rule 702.  He may offer lay opinion testimony only if the foundational requirements of Rule 701 are met.  The Court cannot determine before trial whether any particular testimony will or will not constitute improper expert testimony or be inadmissible under Rule 701, or on any other grounds.

Accordingly, Defendants' Motion is DENIED to the extent it seeks a pre-trial exclusionary order barring any portion of Plaintiff' testimony under Federal Rules of Evidence 701 or 702.

### III.  Conclusion

For the reasons set forth above, Defendants' Motion *In Limine* (ECF No. 154) is GRANTED IN PART and DENIED IN PART as described above.

Dated this 20th day of July, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge