**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-1974-WJM-KLM

DAVID MUELLER,

      Plaintiff and CounterClaim Defendant,

v.

FRANK BELL, and
ANDREA SWIFT a/k/a Andrea Finlay,

      Defendants,

      and

TAYLOR SWIFT,

      CounterClaimant.

*Final set of Jury instructions read to jury on 14 Aug 2017 WJM 10:09 AM*

---

**FINAL JURY INSTRUCTIONS**

---

**PART I: GENERAL INSTRUCTIONS & EVIDENTIARY CONSIDERATIONS**

    Members of the Jury:

    In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

    In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.

Then I will give you some specific rules of law that apply to this particular case and,

finally, I will explain the procedures you should follow in your deliberations, and the

possible verdicts you may return.  These instructions will be given to you for use in the

jury room, so you need not take notes.[1]

---

[1] Tenth Circuit Criminal Pattern Jury Instructions § 1.03.

## JURORS' DUTIES

In reaching your decision as to the facts, it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

You are not to be concerned with the wisdom of any rule of law stated by me. It would be a violation of your oath to base your verdict on anything other than the law as presented in these instructions and the facts as you find them. Counsel may properly refer to some of the governing rules of law in their arguments. If there is any difference between the law as stated by counsel or in the exhibits, and that stated by me in these instructions, my instructions prevail. The law contained in these instructions is the law that must govern your deliberations in this case.

Finally, it is your duty to base your verdict solely upon the evidence, without prejudice, bias, or sympathy for or against any party in this case. That was the promise you made and the oath you took.[2]

---

[2] Tenth Circuit Criminal Pattern Jury Instructions § 1.04; CJI-Civ.3:15.

## EVIDENCE — DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.[3]

---

[3] Tenth Circuit Criminal Pattern Jury Instructions § 1.06.

## <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.[4]

---

[4] Tenth Circuit Criminal Pattern Jury Instructions § 1.07.

## PREPONDERANCE OF THE EVIDENCE

At the beginning of this case, I talked to you about the difference between a criminal and a civil case with respect to the burden of proof.  At least some of you may have heard of the term "proof beyond a reasonable doubt."  Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases. It does not generally apply in civil cases such as this. You should, therefore, put it out of your minds.[5]

In a civil case, such as this one, the burden of proof is preponderance of the evidence.  To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not.[6]  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[7]

---

[5] 3 Kevin F. O'Malley, *et al., Federal Jury Practice & Instructions* § 104.01 (6th ed., Aug. 2016 update) ("Fed. Jury Prac. & Instr.").

[6] Colorado Jury Instructions-Civil § 3:1 (4th ed., June 2017 update) ("CJI-Civ.").

[7] 3 Fed. Jury Prac. & Instr. § 104.01.

## JUROR'S FINDINGS — PROBABILITIES

Any finding of fact you make must be based on probabilities, not possibilities.

You should not guess or speculate about a fact.[8]

---

[8] CJI-Civ. 3.4.

## CREDIBILITY OF WITNESSES

As I previously instructed you, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome in this case?

- Did the witness have any relationship with either party?

- Did the witness seem to have a good memory?

- Did the witness clearly see or hear the things about which he/she testified?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.[9]

---

[9] Tenth Circuit Criminal Pattern Jury Instructions § 1.08 (modified).

## USE OF DEPOSITIONS

During the trial, the testimony of Ms. Gabrielle Liddicoat was presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand, may be presented in writing, under oath.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.[10]

---

[10] 3 Fed. Jury Prac. & Instr. § 105.02.

## LAWYERS' OBJECTIONS

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.[11]

---

[11] Sixth Circuit Criminal Pattern Jury Instructions § 1.09.

## STIPULATIONS

You have heard me say that the parties have stipulated to certain facts.  This agreement makes the presentation of any evidence to prove this fact unnecessary.  The agreement means that you must accept the following stipulated facts as true:[12]

1. David Mueller was employed by Lincoln Financial Medial Group of Colorado ("Lincoln Financial") in January 2013.

2. As of June 2, 2013, KYGO was owned by Lincoln Financial.

3. As of June 2, 2013, David Mueller was working at Denver, Colorado based country-radio station KYGO.

4. David Mueller's employment contract with Lincoln Financial, dated January 4, 2013, was for a term of two years with a base salary of $150,000.00.

5. Lincoln Financial had the option, at its sole discretion, to extend David Mueller's contract for one additional year.

6. Eddie Haskell was the Program Director at KYGO on June 2, 2013 and was David Mueller's immediate supervisor.

7. Robert ("Bob") Call is the Vice-President Market Manager at KYGO and was one of David Mueller's bosses.

8. As of June 2, 2013, David Mueller was known by the professional pseudonym "Jackson."

9. Lincoln Financial terminated David Mueller on June 4, 2013.

10. At the time of David Mueller's termination, Lincoln Financial had the legal right to terminate his contract.

---

[12] CJI-Civ. 1:13; Stipulated Instruction No. 5.

11. Taylor Swift was twenty-three years old on June 2, 2013.

12. David Mueller was fifty-one years old on June 2, 2013.

13. On Sunday, June 2, 2013, Taylor Swift held a concert at the Pepsi Center in Denver, Colorado.

14. David Mueller and his co-worker/girlfriend at the time, Shannon Melcher, attended Taylor Swift's fan meet and greet prior to her June 2, 2013 concert at the Pepsi Center.

15. During the fan pre-concert meet and greet, a photograph was taken of David Mueller, Shannon Melcher, and Taylor Swift.

16. On June 3, 2013, Frank Bell, at Bob Call's request, sent KYGO/Lincoln Financial the photograph of Taylor Swift, David Mueller, and Shannon Melcher taken in Taylor Swift's pre-concert meet and greet.[13]

---

[13] Stipulated Instruction No. 5.

## **EQUAL STANDING**

You should consider and decide this case as a dispute between persons of equal

standing in the community, of equal worth, and holding the same or similar stations in

life. [14]

---

[14] 3 Fed. Jury Prac. & Instr. § 103:12.

## MULTIPLE DEFENDANTS

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, both defendants are liable. Each defendant is entitled to a fair consideration of the evidence. No defendant is to be prejudiced should you find against the other. All instructions I give you govern the case as to each defendant.[15]

---

[15] 3 Fed. Jury Prac. & Instr. § 103:14; Stipulated Instruction No. 1 (modified).

## PRETRIAL PUBLICITY

There has been publicity about this case in the newspapers and on radio, television, and the Internet. Some of this publicity may have come to the attention of some of you. The person who reported the story may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must disregard anything that you may have heard about this case outside the courtroom. Your verdict must be based solely on evidence admitted during the trial.[16]

---

[16] CJI-Civ. § 1:6; 3 Fed. Jury Prac. & Instr. § 102:12; Stipulated Instruction No. 2.

## PART II: ELEMENTS OF CAUSE OF ACTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  Now I will explain the elements of the claims at issue here.

## **ELEMENTS OF LIABILITY – INTENTIONAL INTERFERENCE WITH CONTRACTUAL OBLIGATIONS**

For the plaintiff, David Mueller, to recover from either defendant on his claim of intentional interference with contractual obligations, you must find that all of the following have been proved by a preponderance of the evidence as to each defendant:

1. David Mueller had a contract with Lincoln Financial in which Lincoln Financial agreed to employ him as an on-air radio personality at radio station KYGO in Denver, Colorado;

2. The defendant knew or reasonably should have known of David Mueller's contract with Lincoln Financial;

3. The defendant, by words or conduct, or both, intentionally caused Lincoln Financial to terminate its contract with David Mueller;

4. The defendant's interference with the contract was improper; and

5. The defendant's interference with the contract caused injury and damages to David Mueller.

If you find any one or more of these statements has not been proved, as to either defendant, then your verdict must be for that defendant.

On the other hand, if you find that all of these statements have been proved, as to each defendant, then your verdict must be for David Mueller against that defendant.[17]

---

[17] CJI-Civ. § 24:1; Stipulated Instruction No. 7.

## INTERFERENCE DEFINED

Interference means intentional conduct that causes another to terminate or not to
perform a contract.[18]

---

[18] CJI-Civ. § 24:4; Stipulated Instruction No. 9

Case No. 1:15-cv-01974-WJM-KLM    Document 233    filed 08/14/17    USDC Colorado
pg 20 of 38

## <u>INTENTIONAL CONDUCT DEFINED</u>

Conduct is intentional if a person acts or speaks for the purpose, in whole or in part, of bringing about a particular result, or if a person knows his or her acts or words are likely to bring about that result. It is not necessary that a person act or speak with malice or ill will, but the presence or absence of malice or ill will may be considered by you in determining if the conduct is intentional.[19]

---

[19] CJI-Civ. § 24:2; Plaintiff's Proposed Instruction (ECF No. 168 at 12).

## IMPROPER CONDUCT DEFINED

In addition to determining whether defendants acted intentionally, you must determine whether any conduct interfering with David Mueller's conduct was improper. Even if any interference was intentional, liability does not attach unless you conclude that the defendant's conduct was also improper.[20]

In your determination of whether any defendant's conduct was or was not improper, you are to consider all the facts and circumstances of the case. In doing so, you should consider the following factors:

(a) the nature of the defendant's conduct,

(b) the defendant's motive,

(c) the interests of the plaintiff with which the defendant's conduct interferes,

(d) the interests sought to be advanced by the defendant

(e) the social interests in protecting the freedom of action of the defendant and the contractual interests of plaintiff,

(f) the proximity or remoteness of the defendant's conduct to the interference, recognizing that remote conduct is rarely improper, and

(g) the relations between the parties.

In balancing these factors, you should answer the question of whether a defendant's conduct was fair and reasonable under the circumstances.[21]

---

[20] *Westfield Development Co. v. Rifle Inv. Associates*, 786 P.2d 1112, 1118 (Colo. 1990).

[21] Defendants' Proposed Instruction D (modified); Plaintiff's Proposed Instruction on "Improper" (ECF No. 168 at 13) (modified); CJI-Civ. § 24:3, Notes on Use; Restatement (Second) of Torts § 767 & cmt. j; *Westfield Dev. Co.*, 786 P.2d at 1117-18; *Amoco Oil Co. v. Ervin*, 908 P.2d 493 (Colo. 1995).

## **CAUSATION**

The word "cause" as used in these instructions means an act or failure to act that in natural and probable sequence produced the claimed injury.  It is a cause without which the claimed injury would not have happened.

If more than one act or failure to act contributed to the claimed injury, then each act or failure to act may have been a cause of the injury.  A cause does not have to be the only cause or the last or nearest cause.  It is enough if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause some or all of the claimed injury.

One's conduct is not a cause of another's injuries, however, if, in order to bring about such injuries, it was necessary that his or her conduct combine or join with an intervening cause that also contributed to cause the injuries.  An intervening cause is a cause that would not have been reasonably foreseen by a reasonably careful person under the same or similar circumstances.[22]

---

[22] CJI-Civ. § 9:20; Plaintiff's Proposed Instruction (ECF No. 168 at 11).

## TERMINABLE CONTRACT

It is not a defense to the Plaintiff's claim of intentional interference with contract that the contract between the Plaintiff and Lincoln Financial could have been terminated by Lincoln Financial.[23]

---

[23] *See* CJI-Civ. § 24:5; Plaintiff's Proposed Instruction (ECF No. 168 at 14).

## EFFECT OF DAMAGES INSTRUCTIONS

The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to a verdict in this case. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that any party is entitled to recovery.[24]

---

[24] 3 Fed. Jury Prac. & Instr. § 106:02; CJI-Civ. § 5:1 (modified); 4-77 Modern Fed. Jury Instr. – Civil Instruction 77-1; Stipulated Instruction No. 18.

### MULTIPLE DEFENDANTS

You must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are two defendants in this case, it does not follow that if one is liable the other must be liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendant. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that both defendants are liable for a particular injury. If two persons unite in an intentional act that violates another person's right, then both those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that both defendants are liable and acted jointly, then you may treat them jointly for purposes of deciding damages. If you decide that both defendants are jointly liable, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.[25]

---

[25] 4-77 Modern Fed. Jury Instr. – Civil Instruction 77-2 (modified); Stipulated Instruction No. 19 (modified).

**DAMAGES – INTENTIONAL INTERFERENCE WITH CONTRACTUAL OBLIGATIONS**

David Mueller has the burden of proving, by a preponderance of the evidence, the nature and extent of his damages. If you find in favor of David Mueller, you must determine the total dollar amount of his damages, if any, that were caused by the interference by the defendants, Andrea Swift, and/or Frank Bell, with David Mueller's contract with Lincoln Financial.[26]

In determining damages, you may consider the terms and duration of David Mueller's contract with Lincoln Financial. However, you may not award speculative damages for lost future income, or damages for lost future income in an amount that is impossible to ascertain. Lost profits are recoverable only if they can be proven with reasonable certainty. In this case you therefore should not consider any future lost income that David Mueller may have suffered beyond the two-year term of his contract with Lincoln Financial. Plaintiff must prove his damages with reasonable certainty.[27]

As I have already instructed you, David Mueller must prove that he suffered some amount of actual damages as an element of his claim. However, if you find that he has proved he suffered some damages, but has produced insufficient evidence for you to determine the amount, then you may find in favor of David Mueller but shall award him nominal damages of one dollar.[28]

---

[26] CJI-Civ. § 24:7 (modified); Stipulated Instruction No. 20.

[27] Defendants' Proposed Instruction I (Modified); Court's Oral Ruling on Defendant's Oral Motion Pursuant to Federal Rule of Civil Procedure 50(a)(1) (August 11, 2017); see generally Denny Constr. , Inc. v. City and County of Denver, 199 P.3d 742, 746 (Colo. 2009).

[28] CJI-Civ. § 24:7, cmt. 2

## **COMPENSATORY DAMAGES**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a defendant's violation of a plaintiff's rights. If you find that a defendant is liable on a claim, as I have explained them, then you must award David Mueller sufficient damages to compensate him for any injury caused by a defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him for the damage suffered.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

## AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE

If you find that David Mueller has proven actual damages, then you must consider whether David Mueller failed to mitigate or minimize his damages. David Mueller has the duty to take reasonable steps under the circumstances to mitigate or minimize his damages.

Damages, if any, caused by David Mueller's failure to take such reasonable steps cannot be awarded to him and must not be included in your award of compensatory damages.[30]

---

[30] CJI-Civ. § 5:2 (modified); Stipulated Instruction No. 22.

## ELEMENTS OF LIABILITY – ASSAULT

For Taylor Swift to recover from David Mueller on her claim of assault, you must find that all of the following have been proved by a preponderance of the evidence:

1.  David Mueller intended to cause an offensive or harmful physical contact with Taylor Swift or intended to place her in apprehension of such contact; and

2.  David Mueller placed Taylor Swift in apprehension of immediate physical contact; and

3.  That contact was harmful or offensive.

If you find that any one or more of these statements has not been proved, then your verdict must be for David Mueller.

On the other hand, if you find that all of these statements have been proved, then your verdict must be for Taylor Swift.[31]

---

[31] CJI-Civ. § 20:1; Stipulated Instruction No. 13.

## APPREHENSION DEFINED

Apprehension is a state of mind experienced when a person anticipates immediate harmful or offensive physical contact.[32]

---

[32] CJI-Civ. § 20:2; Stipulated Instruction No. 14.

## ELEMENTS OF LIABILITY - BATTERY

For Taylor Swift to recover from David Mueller on her claim of battery, you must find that all of the following have been proved by a preponderance of the evidence:

1. David Mueller's act resulted in physical contact with Taylor Swift; and

2. David Mueller intended to make harmful or offensive physical contact with Taylor Swift; and

3. The contact was harmful or offensive.

If you find that any one or more of these statements has not been proved, then your verdict must be for David Mueller.

On the other hand, if you find that all of these statements have been proved, then your verdict must be for Taylor Swift.[33]

---

[33] CJI-Civ. § 20:5; Stipulated Instruction No. 15.

## CONTACT DEFINED

A contact is the physical touching of another person.

A harmful contact is one that causes injury or emotional distress.

An offensive contact is one that would offend another's reasonable sense of personal dignity.[34]

---

[34] CJI-Civ. § 20:6; Stipulated Instruction No. 16.

## <u>INTENT DEFINED – ASSAULT AND BATTERY</u>

A person intends to place another in apprehension of physical contact, or to make harmful or offensive physical contact with another, if he acts with the purpose of causing such contact, even if he did not intend to cause the specific harm that actually occurred.[35]

---

[35] CJI-Civ. §§ 20:3 (modified), 20:7; *White v. Munoz*, 999 P.2d 814, 819 (Colo. 2000); Stipulated Instruction No. 17.

## **ACTUAL OR NOMINAL DAMAGES - ASSAULT AND BATTERY**

Taylor Swift has the burden of proving the nature and extent of her damages by a preponderance of the evidence.

Taylor Swift is only requesting nominal damages.  Therefore, if you find in favor of Taylor Swift, you shall award her nominal damages of one dollar.[36]

---

[36] CJI-Civ. §§ 20:4, 20:9 (modified); Stipulated Instruction No. 23.

## PART III: DELIBERATION AND VERDICT FORM

That concludes the part of my instructions explaining the law that applies in this case.  Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

## DUTY TO DELIBERATE

After the parties' closing statements, the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.

To reach a verdict, whether for David Mueller, on his claim against Andrea Swift and Frank Bell, or for Taylor Swift, on her counterclaim against David Mueller, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

The Court has prepared a Verdict Form for your convenience. After you have deliberated and consulted with each other, the foreperson will write the unanimous answer of the jury in response to each question on the Verdict Form. At the conclusion of your deliberations, the foreperson should date and sign the Verdict Form. The

foreperson must also include his or her 3-digit juror number, since his or her name will

be redacted from the Verdict Form in the public record.

The Verdict Form reads as follows:

**[Explain the Verdict Form]**

Only one copy of this Verdict Form will be provided to you.  If you make an error

on the Form, please tell the bailiff.  The bailiff will destroy the erroneous form and a

blank form will be provided.[37]

---

[37] Tenth Circuit Pattern Jury Instructions—Criminal § 1.23 (2011) (modified).

## COMMUNICATION WITH THE COURT

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention.  The jury foreperson should be identified on any such communications only by his or her 3-digit juror number.  I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.[38]

---

[38] Tenth Circuit Pattern Jury Instructions—Criminal § 1.44.